07 MAG 1202

Approved: _____
BRENDAN R. MCGUIRE
Assistant United States Attorney

Before:   HONORABLE MICHAEL H. DOLINGER
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :
                                 :    **COMPLAINT**
          -v-                    :
                                 :    Violation of
CARLOS PENA ONTIVEROS,           :    21 U.S.C. § 846
SILVESTRE RICO BELTRAN, and      :
HENRY LNU,                       :
                                 :    COUNTY OF OFFENSE:
          Defendants.            :    BRONX
- - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    CHRISTOPHER MCCLELLAN, being duly sworn, deposes and says that he is a Special Agent with Immigration and Customs Enforcement ("ICE"), and charges as follows:

Count One

    1.   In or about July 2007, in the Southern District of New York and elsewhere, CARLOS PENA ONTIVEROS, SILVESTRE RICO BELTRAN, and HENRY LNU, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

    2.   It was a part and an object of the conspiracy that CARLOS PENA ONTIVEROS, SILVESTRE RICO BELTRAN, and HENRY LNU, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

    (Title 21, United States Code, Section 846.)

    The bases for my knowledge and the foregoing charges are, in part, as follows:

    3.   I am a Special Agent with ICE, assigned to the

Narcotics Division, and I have been personally involved in the investigation of this matter. This affidavit is based in part on my conversations with other law-enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

       4.   On or about July 22, 2007, at approximately 5:30 p.m., I, along with other ICE agents, established surveillance of a white Ford pick-up truck with Texas license plates (the "Truck") that was parked in the vicinity of 516 Pugsley Avenue in the Bronx, New York. At that time, I observed an individual later identified as CARLOS PENA ONTIVEROS, the defendant, in the driver's seat of the Truck, and an individual later identified as SILVESTRE RICO BELTRAN, the defendant, in the passenger's seat of the Truck. ONTIVEROS and BELTRAN got out of the Truck, and then met with two or three individuals in a park approximately 2 blocks from the Truck. One of those individuals was later identified by CARLOS PENA ONTIVEROS, the defendant, as HENRY LNU, the defendant. After meeting for approximately 20 minutes, ONTIVEROS, BELTRAN, and HENRY LNU got into a livery cab and drove away.

       5.   On or about July 22, 2007, from approximately 8:00 p.m. to approximately 10:00 p.m., another ICE agent observed HENRY LNU, the defendant, go into and come out of the first floor apartment of the two-family house located at 516 Pugsley Avenue in the Bronx, New York on two different occasions (the "Apartment"). The agent also observed HENRY LNU carry two different plastic bags into the Apartment from a vehicle parked near the Apartment.

       6.   On or about July 23, 2007, at approximately 12:30 a.m., I observed CARLOS PENA ONTIVEROS, the defendant, come out of the Apartment, and walk to the Truck, which was still parked in the vicinity of the Apartment. ONTIVEROS then opened a door on the passenger's side of the Truck and removed a dark-colored duffel bag from the Truck. ONTIVEROS then returned to the Apartment carrying the bag from the Truck.

       7.   According to Department of Motor Vehicle records, which I have reviewed, the Truck is currently registered to "Carlos Pena" at a Texas address. These records also indicate that, prior to being registered to "Carlos Pena," the Truck was

registered to "Silvestre Rico" at a Texas address.

8. According to records from an ICE database, which I have reviewed, the Truck was driven into the United States from Mexico on July 16, 2007.

9. On or about July 23, 2007, another ICE agent requested that the Truck be inspected by a trained narcotics-detection canine handler from the Port Authority Police Department, who thereafter, at approximately 2:00 a.m., conducted an exterior inspection of the Truck using a trained narcotics-detection canine. When the canine examined the Truck, the canine gave a positive alert in the area where the flatbed portion of the Truck meets the rear of the cab area, indicating the presence of a controlled substance or the residue of a controlled substance within the Truck.

10. On or about July 23, 2007, at approximately 3:30 a.m., I, along with other ICE agents, approached the Apartment and knocked on the front door. CARLOS PENA ONTIVEROS, the defendant, answered the door. I also observed SILVESTRE RICO BELTRAN, the defendant, inside the Apartment. Another ICE agent asked ONTIVEROS for consent to search the Apartment, and ONTIVEROS provided consent. I, along with other agents, then entered the Apartment, and immediately upon entering the Apartment observed a heat sealing machine, vacuum sealed bags, rubber bands, and packing tape in plain view. In addition, upon entering the bedroom where ONTIVEROS was staying, other agents observed a money counter in plain view. At that time, ONTIVEROS and BELTRAN were placed under arrest.

11. Following his arrest, another ICE agent asked CARLOS PENA ONTIVEROS, the defendant, for consent to search the Truck, and ONTIVEROS provided both verbal and written consent to search the Truck. Following a search of the Truck, other ICE agents found 13 half-bricks of a white powdery substance in a secret compartment located in the firewall that divides the engine area from the interior of the Truck. The white powdery substance was later field tested for the presence of narcotics and weighed. The substance tested positive for the presence of cocaine, and weighed a total of approximately 7 kilograms.

12. Following his arrest, another ICE agent advised CARLOS PENA ONTIVEROS, the defendant, of his <u>Miranda</u> rights, and he waived those rights in writing. Among other things, ONTIVEROS stated the following:

    a. This is the sixth time he and SILVESTRE RICO

      BELTRAN, the defendant, have transported cocaine from Texas to the Apartment for HENRY LNU, the defendant.

  b. Over the course of the six trips, he and BELTRAN have transported a total of approximately 38 kilograms of cocaine for HENRY LNU.

  c. HENRY LNU paid him a total of approximately $27,000 for transporting the cocaine on those six occasions, and paid BELTRAN a total of approximately $7,700.

  d. During the meeting at the park with HENRY LNU the previous day, HENRY LNU asked him, "Do you have it?" In response, ONTIVEROS said, "Yes," and then he and HENRY LNU further discussed the narcotics transaction.

  e. He purchased the Truck from BELTRAN earlier this year for approximately $3,000.

13. Following his arrest, another ICE agent advised SILVESTRE RICO BELTRAN, the defendant, of his *Miranda* rights, and he waived those rights in writing. Among other things, BELTRAN stated the following:

  a. He has transported cocaine from Texas to the Bronx, New York with CARLOS PENA ONTIVEROS, the defendant, for HENRY LNU.

  b. HENRY LNU would give him and ONTIVEROS $18,000 as payment for each kilogram of cocaine that they transported.

  c. HENRY LNU usually paid BELTRAN $2,500 per kilogram of cocaine for transporting the cocaine, and usually paid ONTIVEROS $1,000 per kilogram of cocaine.

  d. Both he and ONTIVEROS transported the money received from HENRY LNU back to Texas and Mexico in the same secret compartment in the Truck where the 7 kilograms of cocaine were found.

      e.    He and ONTIVEROS participated in the loading of the cocaine into the Truck, and the unloading of the cocaine out of the Truck.

WHEREFORE, deponent prays that a warrant be issued for the arrest of HENRY LNU, the defendant, and that CARLOS PENA ONTIVEROS, SILVESTRE RICO BELTRAN, and HENRY LNU, the defendants, be imprisoned, or bailed, as the case may be.

_____
CHRISTOPHER MCCLELLAN
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
24th day of July, 2007

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

HON. MICHAEL H. DOLINGER
United States Magistrate Judge
Southern District of New York