UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   against

CARLOS PEÑA ONTIVEROS AND
SILVESTRE RICO BELTRAN,

              Defendants.

No. 07 Cr. 804 (RJS)
MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

    Before the Court is the government's motion for partial reconsideration of the Court's April 18, 2008 Order, which granted in part defendant Carlos Peña Ontiveros's motion to suppress certain statements pursuant to 18 U.S.C. § 3501(c) and Rule 5(a) of the Federal Rules of Criminal Procedure. For the reasons that follow, the government's motion is denied in its entirety.

## I. BACKGROUND

    On April 8, 2008, this Court issued a memorandum and order — which was subsequently amended and superseded by the Court's April 18, 2008 memorandum and order — granting in part and denying in part defendants' motions to suppress evidence and statements. With respect to defendant Silvestre Rico Beltran, the Court found that the government failed to demonstrate that he waived his *Miranda* rights at the residence at which he was arrested, and thus suppressed statements he made at that time. *See United States v. Peña Ontiveros*, --- F. Supp. 2d ---, 2008 WL 1805605, at *10-11 (S.D.N.Y. Apr. 18, 2008). The Court also suppressed statements made by Rico Beltran at the Office of the Bureau of Immigration and Customs Enforcement ("ICE"), where defendants were taken after their arrest, on the grounds that the government failed to demonstrate that Rico Beltran made a valid waiver of his right to a speedy presentment, that the

period preceding his presentment was well beyond any period of "reasonable delay," and, that, in any event, Rico Beltran was not properly informed of his rights in Spanish. *See id.* at *11-18. With respect to defendant Peña Ontiveros, the Court similarly suppressed statements he made at the ICE Office due to the government's failure to demonstrate that Peña Ontiveros made a valid waiver of his right to a speedy presentment, and because the period preceding his presentment was well beyond any period of "reasonable delay." *See id.*

On April 17, 2008, the government moved for reconsideration of the April 8, 2008 memorandum and order on three separate grounds. First, the government requested that the Court clarify certain language in the order relating to 18 U.S.C. § 3501(c). (*See* Gov't's Letter-Motion to the Court, dated April 17, 2008 ("Gov't Mem.") at 3-7.) That request was granted, and the Court issued an amended memorandum and order on April 18, 2008. *See Peña Ontiveros*, 2008 WL 1805605, at *1 n.1. The government does not challenge the amended order and agrees that the amended order satisfies its first request for reconsideration. (*See* Transcript of April 18, 2008 Conference at 3-7.)

Second, the government requested that the Court reopen the December 3, 2007 suppression hearing to permit the government to offer the testimony of ICE Special Agent Michael Alfonso.[1] According to the government and Agent Alfonso's affidavit, Agent Alfonso will provide additional testimony establishing that Peña Ontiveros did in fact make a valid oral waiver of his right to speedy presentment. (*See* Gov't Mem. at 7; Alfonso Aff. ¶¶ 2-4.)

---

[1] On May 21, 2008, at oral argument on the motion for reconsideration, the Court instructed the government to submit to the Court an affidavit summarizing the contents of Agent Alfonso's testimony, should the Court reopen the suppression hearing. That affidavit was timely submitted on June 6, 2008.

Finally, the government asked the Court to reconsider its holding based on additional case law that purports to equate a waiver of *Miranda* rights with a waiver of the right to a speedy presentment, thus obviating the need for a separate waiver of the right to speedy presentment.[2] (*See id.* at 7-8.)

Defendant Peña Ontiveros opposes the motion in its entirety, asserting that the Court's April 18, 2008 ruling should stand. (*See* Peña Ontiveros Letter to the Court, dated May 2, 2008 at 1-2.)

## II.  DISCUSSION

### A.  The Government's Motion to Reopen the Suppression Hearing

The government first moves to reopen the suppression hearing in order to permit the government to present the testimony of one additional witness, Agent Alfonso. Specifically, the government asserts that Agent Alfonso will testify that defendant Peña Ontiveros did, in fact, orally waive his right to speedy presentment before Agent Alfonso and ICE Special Agent Stephen Lee on the afternoon of July 23, 2007. (*See* Gov't Mem. at 7; Alfonso Aff. ¶¶ 2-4.)

The decision whether to reopen a suppression hearing lies soundly within the discretion of the district court. *United States v. Bayless*, 201 F.3d 116, 131-32 (2d Cir. 2000); *United States v. Perez*, No. 01 Cr. 848 (SWK), 2002 WL 1835601, at *1 (S.D.N.Y. Aug. 8, 2002) (citing *United States v. Nezaj*, 668 F. Supp. 330, 332 (S.D.N.Y. 1987)). "[I]t has long been the law in this Circuit that, in order to reopen a suppression hearing on the basis of new evidence, the moving party, whether it is the government or the defendant, must show that the evidence 'was

---

[2]The Court notes that the government's second and third grounds for reconsideration relate only to the Court's findings with respect to defendant Peña Ontiveros, as the government has not offered to provide additional testimony relating to defendant Rico Beltran's waiver of speedy presentment, and the Court has already found that the government failed to show that Rico Beltran executed a valid *Miranda* waiver at the residence.

3

unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing.'" *United States v. Leaver*, 358 F. Supp. 2d 273, 279 & n.30 (S.D.N.Y. 2005) (quoting *Nezaj*, 668 F. Supp. at 334); *Perez*, 2002 WL 1835601, at *1 ("Among the factors the court should consider is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably [have] been discovered by that party, at the time of the original hearing.") (citations and internal quotation marks omitted). "If a new witness was available at the time of the original hearing, but chose not to testify or was not called to do so by the [party]'s attorney, it is not a basis for reopening the hearing." *Perez*, 2002 WL 1835601, at *1 (citations omitted); *see also Leaver*, 358 F. Supp. 2d at 279 n.30. However, the Second Circuit has advised that "'vague notions of unfairness, that the government should not have 'two bites' off the same apple, ought not control.'" *Bayless*, 201 F.3d at 132 (quoting *United States v. Tucker*, 380 F.2d 206, 214 (2d Cir. 1967)).

Citing the Second Circuit's decisions in *Bayless*, 201 F.3d at 131-32, and *Tucker*, 380 F.2d at 214, the government argues that the Court should reopen the suppression hearing to permit further testimony because "the government ought to be permitted considerable latitude" in making such a request. (Gov't Mem. at 4.) In *Bayless*, the Second Circuit held that a district court has broad discretion to permit the Government to introduce new evidence on a motion for reconsideration "in the interests of justice." 201 F.3d at 131. The court found that the district court had "acted correctly" in granting the government's motion to reopen the suppression hearing because the government "adequately justified its decision not to introduce the testimony of [the proposed witness] at the original suppression hearing" where the testimony of the proposed witness "echoed that of [another witness]," and "the government had no reason to

believe that his testimony would be anything but cumulative" based on representations made by the trial judge that the facts were not disputed. *Id.* at 131-32. However, the court expressly declined to decide whether the government was required to present a "good reason" for its failure to present the new evidence prior to the district court's ruling, given that it found the government's justification in that case to be adequate. *Id.*; *accord Leaver*, 358 F. Supp. 2d at 277.

Here, the government contends that "reopening the hearing would be in the interests of justice because the Court found that the testimony of Special Agent Lee was ambiguous with respect to the defendants' oral waivers of speedy presentment and because the lack of valid waivers appeared to be a significant factor in the Court's determination that the delay in presentment was not reasonable." (Gov't Mem. at 7.) The government does not specifically argue that the failure to call Agent Alfonso was due to the government's belief that such testimony would be cumulative; however, the Court infers from the statement above and the citations to *Bayless* that this is the case.

The Court is not convinced. On a motion to reopen an evidentiary hearing, it is the government's burden to "show that the evidence was unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing." *Leaver*, 358 F. Supp. 2d at 279 & n.30. Here, Agent Alfonso's testimony was available to the government at the time of the original hearing; the government simply chose not to call him as a witness. *See Perez*, 2002 WL 1835601, at *1 ("If a new witness was available at the time of the original hearing, but chose not to testify or was not called to do so by the defendant's attorney, it is not a basis for reopening the hearing.") (citations omitted); *see also*

*Leaver*, 358 F. Supp. 2d at 279 n.30. It was the government's burden to prove, by a preponderance of the evidence, that a waiver of the right to a speedy presentment was knowing and voluntary. *See United States v. Berkovich*, 932 F. Supp. 582, 588 (S.D.N.Y. 1996). The government's failure to elicit testimony sufficient to meet this burden from Agent Lee may have been due to Agent Lee's inability to testify to those facts. However, the government had an obligation to predict this weakness in its own case, and to know, therefore, that Agent Alfonso's testimony would not have been cumulative. That the government did not anticipate that the waiver issue would be "a significant factor in the Court's determination that the delay in presentment was not reasonable," is unavailing, because the fact that the government "did not expect that it would lose the motion . . . is not a sufficient justification for its failure properly to contest it." *Leaver*, 358 F. Supp. 2d at 278-79.

Moreover, the Second Circuit's decision in *Bayless* is distinguishable here. In *Bayless*, the Second Circuit found that, because the district judge had indicated on the record that the facts at issue in that case were undisputed, the government may have been led to believe that any further evidence would be merely cumulative. *See* 201 F.3d at 131 & n.4. By contrast, here the facts regarding the defendants' waivers of their speedy presentment rights were hotly disputed, especially given that the waiver form signed by the defendants was a waiver of presentment in the nearest district, *not* a waiver of speedy presentment. *See Peña Ontiveros*, 2008 WL 14805605 at *11; (*see, e.g.*, Transcript of December 3, 2007 Suppression Hearing at 121-25, 143-47, 183-84). Therefore, the government could not have thought that the facts were undisputed, or that the testimony of Agent Alfonso was unnecessary or cumulative for that reason.

In addition, even assuming *arguendo* that the Court were to find that the government had demonstrated that the suppression hearing should be reopened to allow for the presentation of Agent Alfonso's testimony, the motion for reconsideration would ultimately still fail, because the testimony of Agent Alfonso would not change the Court's previous decision. In the April 18, 2008 amended memorandum and order, the Court expressly found that "the delay in seeking the waivers — whether oral or in writing — was not reasonable" because "Agent Lee did not even raise the issue of speedy presentment with defendants until 2:00 or 3:00 in the afternoon — approximately 10 to 11 hours after their arrest at the residence . . . and well beyond the presumptively reasonable '6-hour safe harbor period' contained in § 3501(c)." *Peña Ontiveros*, 2008 WL 1805605, at *13 (citations omitted). Agent Alfonso's affidavit gives no indication that he would testify that the waiver occurred any earlier than 2:00 or 3:00 in the afternoon. (*See* Alfonso Aff. at ¶ 2 ("In the afternoon of July 23, 2007, Special Agent Stephen Lee and I removed Ontiveros from a holding cell . . .").) Thus, for the same reasons set forth in the prior ruling — and by the Second Circuit in *United States v. Perez*, 733 F.2d 1026 (2d Cir. 1984), and by Judge Weinfeld in *United States v. Toney*, 579 F. Supp. 652 (S.D.N.Y. 1984) — it is clear that reopening the suppression hearing would be futile, and would not provide any justification for a modification of the Court's order suppressing the statements on speedy presentment grounds.

Accordingly, the government's motion to reopen the suppression hearing is denied.

B. The Government's Motion to Reconsider Based on Additional Case Law

The government also moves for reconsideration of the Court's order to allow the government to introduce additional case law — not previously presented to the Court —

7

allegedly standing for the proposition that Peña Ontiveros's waiver of his *Miranda* rights also constituted a waiver of his right to a speedy presentment.  (*See* Gov't Mem. at 7-8.)  In this regard, the government cites several cases, including one from the Second Circuit, that were not presented in its original motion papers but which the government views as reflecting "considerable circuit authority" in support of this proposition.  (*See* Gov't Mem. at 8.)

      Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this district address the proper standard for a motion for reconsideration in criminal cases.  Thus, in the absence of an analogous criminal rule, courts in this circuit apply the standards of Local Civil Rule 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.  *See Leaver*, 358 F. Supp. 2d at 277 n.14 (S.D.N.Y. 2005); *United States v. Demosthene*, 326 F. Supp. 2d 531, 533 n.2 (S.D.N.Y. 2004); *see also United States v. Lucarelli*, 490 F. Supp. 2d 295, 296-97 (D. Conn. 2007); *United States v. Santora*, No. 06 Cr. 800 (SLT) (VVP), 2007 WL 527914, at *1 (E.D.N.Y. Feb. 14, 2007).  Accordingly, this Court will likewise apply the standards set forth in Local Civil Rule 6.3 in considering the government's motion.

      Local Civil Rule 6.3 provides that motions for reconsideration of a court order determining a motion must be served within 10 days of the entry of the court's determination on the original motion, and must include "a memorandum setting forth concisely the matters or *controlling decisions which counsel believes the court has overlooked*."  Local Civil Rule 6.3 (emphasis added).  "'Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge.'"  *Mikol v. Barnhart*, No. 05 Civ. 5355 (WCC), 2008 WL 2115396, at *1 (S.D.N.Y. May 16, 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg, Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, No. 07 Civ. 2735 (DC), 2008 WL 2059324, at *2 (S.D.N.Y. May 15, 2008) (citations and internal quotation marks omitted). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). While a court may grant a motion for reconsideration to "'correct a clear error or prevent manifest injustice,'" *Greenwald*, 2003 WL 660844, at *1, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257.

The government's motion for reconsideration based on the case law holding that a *Miranda* waiver equates to a waiver of speedy presentment is denied for several reasons. First, in asserting that the "considerable" authority from other circuit courts should govern, the government fails to acknowledge *United States v. Perez*, 733 F.2d 1026, 1035-36 (2d Cir. 1984), in which the Second Circuit upheld the suppression of defendant's confession pursuant to § 3501(c), notwithstanding the fact that the defendant had been read his *Miranda* rights prior to questioning. *Perez* thus undercuts the government's suggestion that a *Miranda* waiver equals a waiver of speedy presentment, at least in the Second Circuit. Indeed, four of the six cases cited by the government — including *United States v. Duvall*, 537 F.2d 15 (2d Cir. 1976), in which the Second Circuit merely notes that other Circuits have adopted a standard that equates a *Miranda* waiver with a waiver of speedy presentment — pre-date *Perez*. *See United States v.*

*Jackson*, 712 F.2d 1283 (8th Cir. 1983); *United States v. Barlow*, 693 F.2d 954 (6th Cir. 1982); *O'Neal v. United States*, 411 F.2d 121, 136 (5th Cir. 1969).

Second, with the exception of *Duvall*, all of the cases cited by the government are from other circuits, and thus are not binding authority upon this Court. As such, they cannot constitute "controlling" decisions necessary to merit reconsideration of this Order. At most, they are merely persuasive authority, which does not meet the standard for a motion for reconsideration. Moreover, the Court does not find the rationale employed by the courts in these cases to be particularly compelling, in light of other Second Circuit law on the issue. *See Pena Ontiveros*, 2008 WL 1805605, at *11-18. Finally, the two decisions that post-date *Perez* — *United States v. Salamanca*, 990 F.2d 629 (D.C. Cir. 1993) and *United States v. Binder*, 769 F.2d 595 (9th Cir. 1985) — do not cite to or discuss *Perez*, and, in any event, rely on rationales that are unpersuasive in light of *Perez*.[3] Accordingly, the government's motion for reconsideration based on additional case law is denied.

---

[3] The Court in *Salamanca* found, without discussing 18 U.S.C. § 3501, that "[t]he *Miranda* decision substantially undercut the need for exclusion of custodial statements solely on the ground of delay in bringing the defendant before a magistrate, as one of the purposes of appearing before a magistrate is to have the defendant's rights explained to him — rights now explained in a *Miranda* warning." 990 F.2d at 634. Yet this rationale, if followed, would contravene the express language of § 3501 in all situations in which the defendant waives his or her *Miranda* rights. It is unclear whether *Binder* is even followed in the Ninth Circuit. *See United States v. Pham*, 815 F. Supp. 1325, 1331 n.2 (N.D. Cal. 1993) (citing *United States v. Alvarez-Sanchez*, 975 F.2d 1396, 1402-03 (9th Cir. 1992), and noting that "[d]espite the defendant's waiver of his *Miranda* rights (which waiver, under the *Binder* logic, should have been valid as to the requirements of Rule 5(a)), the Ninth Circuit [in *Alvarez-Sanchez*] proceeded to address the reasonableness of the prearraignment delay."). Moreover, the Court in *Binder* held that "[e]ven if there were a delay between arrest and arraignment, statements elicited during a delay are not inadmissible if (1) they are voluntary; (2) their weight is left to the jury; and (3) they occurred within a short time after arrest." 769 F.2d at 600 (citations omitted).

## III. CONCLUSION

For the foregoing reasons, the government's motion for reconsideration of the Court's April 18, 2008 order is denied. The Clerk of the Court is respectfully directed to terminate the motion located at document number 45.

SO ORDERED.

Dated:  June 6, 2008
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE