IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | 1:07-cr-00804-SWK |
| SILVESTRE RICO BELTRAN,<br>Defendant | §<br>§ | |

_____

**MOTION FOR DISCOVERY REGARDING SPECIAL
CONSIDERATION GRANTED TO GOVERNMENT WITNESSES**
_____

COMES NOW, Defendant, SILVESTRE RICO BELTRAN, and moves the Court for an Order requiring the government to disclose on the record in this case the following information:

1. The name of the informant in this case.

2. The full nature and extent of all immunity granted to any confidential informer or any of the prosecution's witnesses in this case, including the nature and details of all crimes as to which such immunity was granted.

3. Whether any other special consideration has been given or promised to any confidential informer or any such witness by the Department of Justice, Federal Bureau of Investigation, Drug Enforcement Agency, United States Customs, Internal Revenue Service, State Law Enforcement agencies, or by any other division of the United States or any political subdivision of the State in exchange for testimony, information or cooperation of any type.

4. Whether any agreement, understanding or arrangement has been made between the Government and any confidential informer or any party or individual with information concerning the changes in this case affecting the party's or individual's availability as a witness.

5. Whether the confidential informer was paid a fee or salary or commission or was

promised a fee, salary or commission in exchange for information in this case or any other case, and if so, the specific amounts paid or promised.

6. The number of times the confidential informer has assisted any law enforcement authorities, such as providing testimony, information or cooperation of any type.

7. A copy of any of the confidential informer's prior criminal record, if any.

8. Whether the confidential informer was instructed to obtain incriminating information regarding any specific individual(s) and, if, so, the instructions provided to the informant.

9. The Supreme Court in <u>Giglio vs. United States</u>, 405 U.S. 150 (1972), held that when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within the rule and that the suppression of this material evidence justifies a new trial irrespective of the good faith or bad faith of the prosecution.

Respectfully Submitted,

By:\_\_\_/s/ Carlos A. García_____
    Carlos A. García
    State Bar No. 24048934
    Southern District of Texas Bar No.: 589236
    1305 East Griffin Parkway
    Mission, Texas 78572
    Tel. (956) 584-1448
    Fax: (956) 584-7402

## CERTIFICATE OF SERVICE

I, Carlos A. García, hereby certify that on Monday, July 7, 2008 a true and correct copy of the above and foregoing Motion for Discovery Regarding Special Consideration Granted to Government Witnesses was forwarded to Brendan R. McGuire, Attorney in charge of this case, at the United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York, 10007.

                                                    ___/s/_Carlos A. García_____  
                                                    Carlos A. García

## CERTIFICATE OF CONFERENCE

I, Carlos A. Garcia, hereby certify that on July 1, 2008, the undersigned counsel conferred with Brendan R. McGuire, the Assistant United States Attorney in charge of this case and he was unopposed.

                                                    /s/ Carlos A. Garcia_____  
                                                    Carlos A. Garcia