IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| **Plaintiff** § | | |
| § | | |
| **v.** § | 1:07-cr-00804-SWK | |
| § | | |
| **SILVESTRE RICO BELTRAN,** § | | |
| **Defendant** § | | |

**MOTION FOR EVIDENCE FAVORABLE TO THE DEFENDANT
AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

COMES NOW, SILVESTRE RICO BELTRAN, by and through his undersigned counsel and moves this Honorable Court to order the Government to reveal to him any evidence that is exculpatory or favorable to him and any evidence that could lead to evidence that is exculpatory or favorable to the accused and in support thereof would show the Court as follows:

## **MOTION**

For purposes of this Motion, the Defendant submits the following would be exculpatory:

*[non-exhaustive list]*

1.  Any evidence that tends to show that the Defendant did not commit the acts alleged in the indictment;

2.  Any evidence that tends to show that the Defendant committed the acts alleged in the indictment in some manner other than in the manner alleged;

3.  Any evidence that would be in conflict or contradictory with the evidence the government intends to introduce at trial;

4. Any inconsistent statements made at any time, by any government witness, informant or agent, concerning the involvement of this Defendant or any of the Defendants in the acts alleged in the indictment;

5. Any physical evidence that is inconsistent with the Defendant's guilt;

6. Any evidence that could be used to impeach the Government's witnesses in this case;

7. Any evidence that the Defendant did not make or cause to be made the false and fraudulent pretenses, representations and promises that are subject of this indictment;

8. Any evidence that the Defendant did not know that the pretenses, representations and promises that were made were false;

9. That the Defendant did not talk to or cause someone to talk to any of the complaining witnesses alleged in the indictment;

10. Any other evidence that is in any way exculpatory or mitigating to the Defendant or in any way could raise a reasonable doubt as to his guilt;

11. Facts or evidence indicating the unreliability of any prosecution witness;

12. Facts, evidence or information indicating the untruthfulness of a prosecution witness;

13. Instructions to a prosecution witness not to speak with defense counsel or to do so only in the presence of a prosecution agent or attorney;

14. Any promises, benefits, concessions or consideration provided to any witness by the government;

The Defendant would request that the Government's Attorney be ordered to examine his files and to question the government's agents, informants or other persons working with the government in this case, as to their knowledge of any such evidence or materials. Defendant would further request that he be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

II.

**BRIEF**

Material or information in the hands of the prosecution is discoverable "where the evidence is material to guilt or to punishment." It includes evidence "favorable to the accused either direct or impeaching". *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d. 215 (1963); *Giles v. Maryland*, 386 U.S. 66, 76 (1967); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 419 (1995). The obligation to disclose favorable evidence to the accused is that of the Government and failure to disclose such information is not excused merely because the prosecutor did not have actual knowledge of such favorable evidence. *United States v. Auten*, 632 F.2d 478 (5th Cir.1980). "The duty of disclosure affects not only the prosecutor, but the Government as a whole, including its investigative agencies". *United States v. Bryant*, 439 F.2d 642, 658 (DC Cir. 1971).

The Government's duty of disclosure is based upon the Defendant's right to due process of law under the Fifth Amendment to the United States Constitution, as interpreted by the courts. Because fundamental rights are involved, the Government has a duty to disclose any evidence that is arguably favorable to a Defendant's case. The evidence should be disclosed promptly upon its discovery by the Government.

The Defendant has given examples in his motion of what he considers to be exculpatory evidence. That list is not exhaustive and the Government's duty of production should not be limited to those specific items but should be interpreted broadly to include any item that is arguably favorable to the Defendant.

WHEREFORE, the Defendant prays that his motion be in all things GRANTED.

Respectfully Submitted,

By: ___/s/ Carlos A. García_____
Carlos A. García
State Bar No. 24048934
Southern District of Texas Bar No.: 589236
1305 East Griffin Parkway
Mission, Texas 78572
Tel. (956) 584-1448
Fax: (956) 584-7402

## CERTIFICATE OF SERVICE

I, Carlos A. García, hereby certify that on Monday, July 7, 2008 a true and correct copy of the above and foregoing Motion for Evidence Favorable to the Defendant and Brief in Support Thereof was forwarded to Brendan R. McGuire, Attorney in charge of this case, at the United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York, 10007.

                                            ___/s/_Carlos A. García_____
                                            Carlos A. García

## CERTIFICATE OF CONFERENCE

I, Carlos A. Garcia, hereby certify that on July 1, 2008, the undersigned counsel conferred with Brendan R. McGuire, the Assistant United States Attorney in charge of this case and he was unopposed.

                                            /s/ Carlos A. Garcia_____
                                            Carlos A. Garcia