**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **1:07-cr-00804-SWK** |
| | § | |
| **SILVESTRE RICO BELTRAN,** | § | |
| **Defendant** | § | |

_____

**MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE**
_____

TO THE HONORABLE JUDGE, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

COMES NOW the Defendant, SILVESTRE RICO BELTRAN, by and through his undersigned counsel and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Sixth Amendment of the United States Constitution, to order the Government to produce for inspection and copying, certain material which the Defendant believes is in the possession of the Government or its agents or which through due diligence would become known from the investigating officers, witnesses or persons having knowledge of the events giving rise to this cause:

I.

The Defendant moves this Honorable Court to order the Government to produce for inspection, copying, photographing or reproduction, the following material:

_____

(1) <u>Statements</u>

 (a) Defendant's Written or Recorded Statements [FRCrP 16(a)(1)(B)]. (1) Any relevant written or recorded statement by the Defendant within the possession, custody or control of the Government that are known, or through due diligence may become known. For example, any statements of Defendant may have been recorded or reduced to writing by himself or agents for the Government or other persons. (2) Any reference in any written record of any oral statement made before or after arrest by the Defendant to a person known or unknown by the Defendant to be a Government agent.

 (b) Defendant's Oral Statements [FRCrP 16(a)(1)(A)]. The substance of any oral statements made by the Defendant whether before or after interrogation by any person then known by the Defendant to be a Government agent or law enforcement officer that the _Government intends to use in any manner at trial or sentencing_ regardless of whether any written record of the statement exists. In the event the Government intends to use such an oral statement at trial or sentencing, request is hereby made that it be reduced to writing and produced. This request includes the substance of the Defendant's response to _Miranda_ warnings.

Defendant requests, in responding to this demand for Defendant's oral statements, the Government ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

(c) Defendant's Prior Record [FRCrP 16(a)(1)(D)]. A copy of the Defendant's criminal record within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known. This request includes the Defendant's entire criminal record, including all arrests and offenses regardless of conviction or severity. It includes all matters that may affect the Defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

(2) <u>Documents, Data and Objects</u>

(a) Material To Preparing A Defense [FRCrP 16(a)(1)(E)(i)]. Inspection, copying or photographing of documents, data or tangible objects within the possession, custody or control of the Government and are material to the preparation of the defense. Separately identify any materials the Government intends to use at trial in-chief. Specifically, Defendant requests access to the following:

  i.  Any documents, documentation or record of the Defendant's financial transactions;

 ii.  Any documents, documentation or record of the Defendant's communications by telephone or internet communication;

iii.  Any other documents, documentation or record of client the Government intends to use or reference to during trial or sentencing.

(b) Material Government Intends To Use In-Chief [FRCrP 16(a)(1)(E)(ii)]. Produce or otherwise make available all documents, data and tangible objects, including tape recordings and transcripts, which the Government intends to use as evidence in its case-in-chief or sentencing. In this regard, produce any index or working exhibit list of items the Government intends to introduce at trial. Provide notice of the Government's intention to use any evidence in-chief discoverable under Rule 16 which the defense may seek to suppress [FRCrP 12(b)(4)(B)].

(c) Obtained From or Belonging To Defendant [FRCrP 16(a)(1)(E)(iii)]. All materials obtained from or belonging to the Defendant that are within the possession, custody or control of the Government regardless of how obtained or the identity of the person who obtained them.

(d) Material That Could Be Used for Suppression of Evidence [FRCrP 16(a)(1)(E)(i)]. All materials, data, documentation, figures, reports that relate to the training, guidance, support, of the canine/canines and officers (as they relate to this case) on duty at the Border Patrol Checkpoint at Falfurias, Texas.

 i. Any documents, documentation or record(s) of service canine "*Max-H*" and its rating as a service canine. That is, any documents memorializing the percentage of false and/or positive "hits" by this animal;

 ii. Any documents, documentation or record(s) of remedial training ordered or observed by agents or handlers of service canine "Max-H";

iii.  Any other documents, documentation or record(s) that could be used in preparation of a motion to suppress evidence.

(e)  Further, Defendant requests any and all video and/or audio recordings of the Border Patrol Checkpoint the morning of April 16, 2007.  Specifically, Defendant requests video surveillance recordings between 1:30 AM and 3:30 AM.

(3) Reports of Examinations and Tests [FRCrP 16(a)(1)(F)].

Results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody or control of the Government or by the existence of due diligence may become known to the Government, and material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial. In the event the results of any scientific tests were reported orally to any Government official or law enforcement officer, Defendant request that a written report of the results be made and produced.

(4) Expert Witnesses [FRCrP 16(a)(1)(G)]

In the event the Government intends to offer any expert testimony under the Federal Rules of Evidence through any witness, including a Government agent or employee or law enforcement officer. Defendant requests that the Government prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

_____

(5) <u>Other Offense Evidence [FRE 404(b)]</u>

Defendant requests notice of any "other offense" evidence the Government intends to introduce in the Government's case in-chief. At the time the Government identifies any "other offense" evidence the Government intends to offer in rebuttal, the Government should produce and identify such evidence separately.

(6) <u>Summary Witness or Charts [FRE 1006]</u>

In the event the Government intends to call a summary witness at trial or present evidence in the form of a chart, Defendant requests production (within reasonable time prior to trial) of all of the original documents or tape recordings on which such testimony or chart is based.

(7) <u>Brady/Giglio Material</u>

Pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972), produce sufficiently in advance of trial any exculpatory evidence material to guilt or punishment, including impeachment evidence or information. Should the Government have a question with regard to whether certain information constitutes *Brady/Giglio* material, or when it must be produced, Defendant requests that the Government present the information to the Court, with notice to Defendant, for review *in camera*.

If the Government believes that any *Brady/Giglio* material is also Jencks Act material, Defendant requests that the Government present it to the court for *in camera* review and advise the Defendant of the general nature of the evidence. However, Defendant requests that the Government produce, prior to trial all *Brady/Giglio* material that is not covered by the Jencks Act.

(8) <u>Jencks Act Material</u>

Defendant requests pretrial production of Jencks Act material within a reasonable time prior to the day of a witness' direct examination.

(9) <u>Sentencing Information</u>

The Sentencing Commission has encouraged prosecutors prior to the entry of a plea of guilty to disclose to a Defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines. U.S.S.G. §6B1.2, p.s. comment. To insure that the Defendant can make an informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, Defendant requests that the Government advise Defendant of any facts and circumstances presently known to the Government or reasonably discoverable, that relate to sentencing issues under the sentencing guidelines, or to calculation of the applicable sentencing guideline range, should the Defendant be convicted of any one or more of the charges in the indictment.

More specifically, request is hereby made that the Government provide Defendant with the following information as to this case:

_____

    i.  What guidelines does the Government contend are applicable?

    ii.  What aggravated offense characteristics, if any, does the Government contend are applicable?

    iii.  What adjustments, if any, does the Government contend are applicable?

    iv.  Upon what grounds, if any, will the Government seek a departure from the guidelines?

    v.  What criminal history category does the Government contend is applicable?

Defendant requests any information that would bear upon computation of the following sentencing and guideline factors:

    i.  Base offense level;

    ii.  Specific offense characteristics;

    iii.  Relevant conduct;

    iv.  Adjustments or criminal history;

Defendant also requests any guilt-related *Brady* information that is favorable to the Defendant and material to the court's determination of a sentence under the sentencing guidelines in the event of a plea of guilt or conviction.

## II.

In support of this motion, the Defendant would show the Court as follows:

1.    The items requested are in the exclusive possession, custody and control of the Government by and through its agents, law enforcement officers or the prosecuting attorney's office, the existence of which is known or may become known with diligence, and the Defendant has no other means of ascertaining the

disclosures requested.

2.       The items requested are not privileged.

3.       The items and information are material to support and adequate defense in both
pretrial motion to suppress and/or effective cross-examination of the
Government's witnesses at trial. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987);
*Davis v. Alaska*, 415 U.S. 308 (1974).

4.       The Defendant cannot effectively go to trial without such information and
inspection, nor can the Defendant adequately prepare the defense to the charges
against him.

5.       That absent such discovery, the Defendant's rights under the Fourth, Fifth, Sixth
and Fourteenth Amendments to the United States Constitution will be violated
and cause irreparable injury and thus deprive the Defendant of a fair trial herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this
Honorable Court will grant in all things within Defendant's Motion For Discovery and Inspection
of Evidence, or in the alternative, that this Court will set the matter for a hearing prior to trial on
the merits, and that at such hearing, this motion will be in all things GRANTED.

Respectfully Submitted,

By:____/s/ Carlos A. García_____
          Carlos A. García
          State Bar No. 24048934
          Southern District of Texas Bar No.: 589236
          1305 East Griffin Parkway
          Mission, Texas 78572
          Tel. (956) 584-1448
          Fax: (956) 584-7402

<u>CERTIFICATE OF SERVICE</u>

I, Carlos A. García, hereby certify that on Monday, July 7, 2008 a true and correct copy of the above and foregoing Motion for Discovery and Inspection of Evidence was forwarded to Brendan R. McGuire, Attorney in charge of this case, at the United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York, 10007.


____/s/_ Carlos A. García_____
Carlos A. García


<u>CERTIFICATE OF CONFERENCE</u>

I, Carlos A. Garcia, hereby certify that on July 1, 2008, the undersigned counsel conferred with Brendan R. McGuire, the Assistant United States Attorney in charge of this case and Mr. Brendan R. McGuire stated that the Government would comply with Federal Rule of Evidence 16.


/s/ Carlos A. Garcia_____
Carlos A. Garcia