IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 1:07-cr-00804-SWK |
| | § | |
| SILVESTRE RICO BELTRAN, | § | |
| Defendant | § | |

**MOTION AND MEMORANDUM TO
REQUIRE PRODUCTION OF CONFIDENTIAL INFORMER**

TO THE HONORABLE JUDGE, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

COMES NOW, the Defendant in the above-styled and numbered cause, and moves the Court to instruct the Government to produce the informer upon whose information law enforcement officers began to investigate and eventually detained and arrested the Defendant herein and seized illegal narcotics, in order that the Defendant through counsel may interview same, and as grounds thereon would show the Court as follows:

**I.**

That the informer referred to by the United States Attorney at the hearing on defendant's Motion to Suppress is a material witness of the activities of the Defendants in this cause. Based on information reported by law enforcement personnel, it has been determined that the Government relied upon the information and observations of the activities of the two defendants in order to conduct surveillance and eventually a "knock and talk" of the Defendants.

**II.**

That the informant(s) are material witnesses on the issue of the defendant's guilt or innocence in this cause.

**III.**

The informers identities and addresses are necessary to the presentation of proof that the law enforcement officers did not rely upon credible information supplied by reliable informants. That the disclosure of such informer's identity, as well as the contents of any communications made by him or her with the Defendants, law enforcement personnel, and/or other witnesses, is clearly relevant and helpful to any defense or mitigating circumstances of the accused, and is essential to a fair determination of the charges against the Defendant. If the Government is permitted to withhold the name of the confidential informant, the Defendant will be prevented from adequately preparing a defense due to lack of knowledge of the informer's identity. The disclosure of the identity, including but not limited to, the name of the informant, is both necessary and useful on the Defendant's preparation for trial, and is essential to a fair determination of the cause. That this information should be provided to the defense within a reasonable time well before trial, so that counsel may have the opportunity to locate and interview the same.

**IV.**

That in the event the Defendant herein is determined to be guilty of the offenses charged, testimony of the informant is material to the defense as to the degree and extent of the Defendant's guilt and any inculpatory or exculpatory information regarding the Defendant.

**V.**

The identity, address and present location of said informers is not privileged information, as

same is material to the defense on the issues of both guilt or innocence of the Defendant and punishment, if the Defendant is determined to be guilty of the offense charged.

**VI.**

That to deprive the Defendant of the identity, address and present location of said informers will deny the Defendant the right to present said informers as witnesses or the Defendant's behalf during the hearing on guilt-innocence in order to establish the Defendant's innocence and therefore will deprive the Defendant of the right to present witnesses in his favor.

**VII.**

That to deprive the Defendant of the identity, address and present location of the informers will deny the Defendant the right to test the reliability and credibility of the informers and information relied upon by law enforcement officials involved in this case, which precipitated the actions of law enforcement officials that eventually resulted in the arrest of the Defendant.

**VIII.**

That if the Defendant is deprived of the identity, address, and present location of said informers, the Defendant's rights under Firth, Fourth and Fourteenth Amendments of the United States Constitution will be violated.

**IX.**

It is fundamental that a witness is not the exclusive property of a party. In <u>United States v. Walton</u>, 692 F. 2d 1176 (4th Cir. 1979), the Fourth Circuit held that even where the Government felt it necessary to place witnesses in protective custody, it remains the duty of the trial court to ensure that counsel for defense has access to the secluded witnesses under controlled arrangements. A witness is not the exclusive property of either the Government or a Defendant; a Defendant is

entitled to have access to any prospective witness, although in the end the witness may refuse to be interviewed. Id. At 1177-78. A witness' desire not to be interviewed is not in and of itself sufficient reason to fail to disclose his or her identity. United States v. Opager, 589 F2d, 799 (5th Cir. 1979).

**X.**

The Defendant recognizes that the Government is sometimes authorized to invoke the privilege to refuse to disclose the identity of the informant, where said refusal to disclose is in a furtherance and protection of the public interest in effective law enforcement. Roviaro v. United States, 353 U.S. 53, 59, 77 S. Ct. 623, 627, 1 L. Ed. 2s 639 (1957). However, where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. Id., 353 U.S. at 60-61, 77 S.Ct. At 628. Furthermore, if the trial court orders disclosure and the Government withholds such information, the trial court may dismiss the action against the Defendant.

The Supreme Court has recognized the privilege of the Government to withhold from disclosure the identity of a confidential informer. However, the Court will require disclosure where the disclosure of an informer's name is relevant and helpful to the defense of an accused. Rovario, (1957). The problem involves one of balancing the public interest in protecting the flow of information against the individual's right to prepare a defense. Whether a proper balance renders non-disclosure erroneous must depend upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

The law is clear that the Government is not privileged to withhold the name of a confidential

informer based on public grounds, where a Defendant would be prevented from making a defense without his knowledge of such informer's identity. Jimenez v. United States, 397 F.2d 271 (5thCir. 1968). The Defendant in a criminal case is entitled to the disclosure of the name and address of a confidential informer where the information from such confidential informer is found to constitute probable cause, and where such confidential informer is a witness to the alleged crime in question. United States v. Kiaroff, 323 F.Supp. 296 (D.C. Fla. 1971). The public policy favored in protection of the identity of a confidential informer forbids only the non-essential disclosure, and disclosure of a confidential informer may also be compelled in cases where such identity appears essential to the defense of an accused. United States v. Toombs, 479 F.2d 88 (5th Cir. 1974); See also United States v. Barnett, 481 F.2d 309 (4th Cir. 1969).

Certain fact situations dictate that the privilege must give way. For example, where the informant is a factual witness to an alleged crime (***in this case a conspiracy***), then his testimony will almost invariably be relevant and material, requiring disclosure. United States v. White, 379 F.2d 559 (7th Cir. 1966); Gregory v. United States, 369 F.2d 185, 188 (D.C. Cir. 1966); United States v. Barnes, 486 F.2d 776, 779 (8th Cir. 1973). Similarly, where the informant is a participant in the alleged offense, disclosure of his identify should be required. Lopez-Hernandez v. United States, 394 F.2d 820 (8th Cir. 1968); United States v. Silva, 580 F.2d 144 (5th Cir. 1978).

Because the instant cause fits within at least one of those exceptions to the general rule of withholding the identify of the informants, the Government should reveal the identify of the same. In order for said disclosure to be meaningful, the Government should be required to provide the Defendant, through counsel, reasonable access to the informants, in order to interview them, which would include contact information such as name, address, and telephone numbers. Failure to provide

the informants for interviews with the defense counsel could render the disclosure otherwise meaningless.

WHEREFORE, PREMISES CONSIDERED the Defendant respectfully prays this Honorable Court will instruct the Government's Attorney to produce the informers in this cause in order to permit the Defendant to interview said informers, and to permit the Defendant to apply for subpoena for their attendance at any appropriate pretrial or trial proceedings.

Respectfully Submitted,

By: ___/s/ Carlos A. García_____
    Carlos A. García
    State Bar No. 24048934
    Southern District of Texas Bar No.: 589236
    1305 East Griffin Parkway
    Mission, Texas 78572
    Tel. (956) 584-1448
    Fax: (956) 584-7402

## CERTIFICATE OF SERVICE

I, Carlos A. García, hereby certify that on Monday, July 7, 2008 a true and correct copy of the above and foregoing Motion and Memorandum to Require Production of Confidential Informer was forwarded to Brendan R. McGuire, Attorney in charge of this case, at the United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York, 10007.

>    /s/ Carlos A. García
> Carlos A. García

## CERTIFICATE OF CONFERENCE

I, Carlos A. Garcia, hereby certify that on July 1, 2008, the undersigned counsel conferred with Brendan R. McGuire, the Assistant United States Attorney in charge of this case and he was unopposed.

> /s/ Carlos A. Garcia
> Carlos A. Garcia