IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff § | | |
| § | | |
| v. § | 1:07-cr-00804-SWK | |
| § | | |
| SILVESTRE RICO BELTRAN, § | | |
| Defendant § | | |

**DEFENDANT'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

1. NOW COMES Defendant, SILVESTRE RICO BELTRAN, by and through his undersigned counsel and files this Motion in Limine to exclude Government's use of statements made by coconspirators offered pursuant to Federal Rule of Evidence 801(d)(2)(E). Defendant further seeks exclusion of hearsay offered by the Government under Federal Rule of Evidence 807.

**I**

2. SILVESTRE RICO BELTRAN is charged under 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) with conspiracy to knowingly and intentionally possess with intent to distribute a controlled substance. Additionally, he is charged under 841(a)(1), 841(b)(1)(A), with possession with intent to distribute the same. The Government may seek to introduce statements made by coconspirator(s) offered under Rule 801(d)(2)(E).

**II**

3. Federal Rule of Evidence 801(d)(2) provides in pertinent part:

> "A statement is not hearsay if—
>
> **Admission by a Party-Opponent**. …(E) a statement by a coconspirator of a party *during* the course and in furtherance of the conspiracy."

4. In this case, any statements made by any coconspirator(s) were not made during the course and in furtherance of any conspiracy. Further, based on this Court's ruling as to the suppression of statements made by both defendants, any reference to the same would be improper and prejudicial.

5. Therefore, defendant seeks a proper remedy to assure that no witness testify in the presence of the jury about any statement by either defendant asserted for any purpose. Defendant respectfully seeks an order from this Honorable Court to exclude the same.

### III.

6. Although the Government has not provided the Defendant with notice of its intent to introduce evidence under Rule 807, Defendant hereby seeks exclusion of the same. Federal Rule of Evidence 807 provides in pertinent part:

> "…a statement may not be admitted…unless the proponent…makes known to the adverse party sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it."

7. In this case, the Defendant has not been advised of the Government's intent to offer statements under this rule or any other and seeks an order precluding the same.

### IV.

8. SILVESTRE RICO BELTRAN seeks exclusion of any statements made by him after his arrest. Any statements made by SILVESTRE RICO BELTRAN are in direct violation of

*Miranda* and/or 18 U.S.C. 3501 (c). 1

**V.**

9.  SILVESTRE RICO BELTRAN seeks exclusion of any other "bad acts" sought to be admitted at his trial. After proper notice and request by the defendant, the Government has produced notice of their intent to offer the same. Further, before allowing the mere mention of other acts evidence, the Court should hold an evidentiary hearing to determine: (1) if there is sufficient evidence to support a finding that SILVESTRE RICO BELTRAN committed the alleged act(s); (2) if the act is somehow relevant to an issue in dispute; and (3) is the probative value of the evidence substantially outweighed by its prejudicial effect.

10. As an initial matter, this Court should determine the substantial similarity of the alleged act sought to be introduced.2 Furthermore, the temporal proximity of the prior act to the present case, should also weigh in the Court's ultimate decision of admissibility. Finally, neither of the alleged prior acts was ever proven beyond a reasonable doubt to a judge or a jury. Such allegations could render a jury fatally lost in a maze of confusion that no limiting instruction could salvage.

**VI.**

11. WHEREFORE, premises considered, SILVESTRE RICO BELTRAN prays this Honorable Court will exclude all evidence offered under the foregoing rules. Alternatively, SILVESTRE RICO BELTRAN asks that prior to the Government introducing any testimony or evidence under these rules or others, the Government be required to seek a ruling on the evidence's admissibility outside the presence of the jury.

---

1 Miranda v. Arizona, 384 U.S. 436 (1968); 18 U.S.C. 3501 (c).
2  United States v. Haywood, 280 F.3d 715, 721 (6th Cir.2002); See also, United States v. Monzon, 869 F.2d 338, 344 (7th Cir.1989)(holding that the accused's prior possession of a small amount of marijuana was not probative of his intent to distribute cocaine.).

Respectfully submitted,


By:___/s/ Carlos A. Garcia_____ _____
   Carlos A. García
   Attorney-in-charge
   State Bar No. 24048934
   Southern District of Texas Bar No.: 589236
   1305 East Griffin Parkway
   Mission, Texas 78572
   Tel. (956) 584-1448
   Fax: (956) 584-7402

## CERTIFCATE OF SERVICE

I, Carlos A. García, hereby certify that on July 11, 2008 a true and correct copy of the above and foregoing Motion in Limine was forwarded to Richard C. Tarlowe in charge of this case, at the United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York , 10007.

.

/s/Carlos A. García              

Carlos A. García

## CERTIFICATE OF CONFERENCE

I, Carlos A. Garcia, hereby certify that on July 9, 2008, the undersigned counsel conferred with Richard C. Tarlowe, the Assistant United States Attorney in charge of the case on this motion.

/s/ Carlos A. García
Carlos A. García