```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :

            - v. -                   :      S1 07 Cr. 804 (RJS)

SILVESTRE RICO BELTRAN,              :

                 Defendant.          :

- - - - - - - - - - - - - - - - - -x
```

**GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York

                         Attorney for the United States
                              of America


RICHARD C. TARLOWE
GUY PETRILLO
Assistant United States Attorneys

     - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

            - v. -                  :      S1 07 Cr. 804 (RJS)

SILVESTRE RICO BELTRAN,             :

                Defendant.          :

- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

The Government also respectfully requests that the Court instruct the jury before closing arguments. <u>See</u> Fed. R. Crim. P. 30(c) ("The court may instruct the jury before or after the arguments are completed, or at both times."); Fed. R. Crim. P. 30 Advisory Committee Note to 1987 Amendments (indicating that the amended rule "permit[s] courts to instruct before arguments in order to give the parties an opportunity to argue to the jury in light of the exact language used by the court," while "assur[ing] that the court retains power to remedy omissions in pre-argument instructions or to add instructions necessitated by the arguments.").

**TABLE OF CONTENTS**

REQUEST NO.                                                        PAGE

1      General Requests . . . . . . . . . . . . . . . . 1

2      Summary of the Indictment  . . . . . . . . . . 2

3      Count One: Narcotics Conspiracy: General
       Instructions (21 U.S.C. § 846) . . . . . . . . 3

4      Count One: Narcotics Conspiracy: Elements of
       the Conspiracy . . . . . . . . . . . . . . . . 5

5      Count One: Narcotics Conspiracy: First Element –
       Existence of the Conspiracy  . . . . . . . . . 7

6      Count One: Narcotics Conspiracy: Second Element –
       Membership in the Conspiracy . . . . . . . . 12

7      Count One: Narcotics Conspiracy: Overt Act. . . 17

8      Count One: Narcotics Conspiracy: Time of
       Conspiracy . . . . . . . . . . . . . . . . . 18

9      Count One: Narcotics Conspiracy: Liability for
       Acts and Declarations of Co-Conspirators . . . 19

10     Count One: Narcotics Conspiracy: Special
       Interrogatory on Drug Quantity . . . . . . . 20

11     Count Two: Distribution and Possession With
       Intent To Distribute a Controlled Substance:
       General Instructions (21 U.S.C. § 841) . . . . 22

12     Count Two: Distribution and Possession With
       Intent to Distribute a Controlled Substance:
       Elements of the Offense  . . . . . . . . . . 23

13     Count Two: Distribution and Possession With
       Intent To Distribute a Controlled Substance:
       First Element - "Distribution" and "Possession
       with Intent to Distribute" . . . . . . . . . 24

14      Count Two: Distribution and Possession With
        Intent To Distribute a Controlled Substance:
        Second Element - "Unlawfully, Intentionally,
        and Knowingly" . . . . . . . . . . . . . . . . 29

15      Count Two: Distribution and Possession With
        Intent To Distribute a Controlled Substance:
        Third Element - Controlled Substance . . . . . 32

16      Count Two: Distribution and Possession With
        Intent To Distribute a Controlled Substance:
        Aiding and Abetting . . . . . . . . . . . . . 33

17      Count Two: Distribution and Possession With
        Intent To Distribute a Controlled Substance:
        Special Interrogatory on Drug Quantity . . . . 36

18      Venue . . . . . . . . . . . . . . . . . . . . 38

19      Variance in Dates . . . . . . . . . . . . . . 40

20      Particular Investigative Techniques Not
        Required [If Applicable] . . . . . . . . . . . 41

21      Use of Informants [If Applicable] . . . . . . . 42

22      Law Enforcement Witnesses . . . . . . . . . . . 43

23      Expert Testimony . . . . . . . . . . . . . . . 44

24      Preparation of Witnesses . . . . . . . . . . . 46

25      Stipulation of Facts [If Applicable]. . . . . . 47

26      Stipulation of Testimony [If Applicable] . . . 48

27      Charts and Summaries [If Applicable]. . . . . . 49

28      Persons Not On Trial Or Not Indicted . . . . . .50

29      Defendant's Right Not To Testify
        [If requested by defense] . . . . . . . . . . . 52

30      Defendant's Testimony
        [Requested only if Defendant Testifies] . . . . 53

31      Character Testimony [If Applicable] . . . . . . 54

32      Uncalled Witnesses - Equally Available to Both
        Sides [If Applicable] . . . . . . . . . . . . . 56

33      Use of Evidence Obtained Pursuant to Search . . 57

34      Direct and Circumstantial Evidence. . . . . . . 58

35      Limiting Instruction - Similar Act Evidence
        [If Applicable] . . . . . . . . . . . . . . . . 60

CONCLUSION . . . . . . . . . . . . . . . . . . . . . .61

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury.

b.    Indictment Not Evidence.

c.    Statements of Court and Counsel Not Evidence.

d.    Burden of Proof and Presumption Of Innocence.

e.    Reasonable Doubt.

f.    Jury's Recollection Controls.

g.    Inferences.

h.    Government Treated Like Any Other Party.

i.    Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

j.    Credibility Of Witnesses.

k.    Right to See Exhibits and Have Testimony Read During Deliberations.

l.    Sympathy: Oath Of Jurors.

m.    Punishment Is Not To Be Considered By The Jury.

n.    Verdict Of Guilt Or Innocence Must Be Unanimous.

**REQUEST NO. 2**

**Summary of the Indictment**

The defendant, SILVESTRE RICO BELTRAN, is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence.

The Indictment in this case contains two counts. Each Count is a separate offense or crime. Each Count must therefore be considered separately by you, and you must return a separate verdict on each Count.

Count One of the Indictment charges that the defendant conspired with others known and unknown to violate the federal narcotics laws. Specifically, Count One charges the defendant, and others known and unknown, with conspiring to distribute, and to possess with the intent to distribute, five kilograms or more of cocaine. The conspiracy is alleged to have taken place from in or about March 2007 through in or about July 2007.

Count Two of the Indictment charges that the defendant distributed, and possessed with intent to distribute, 5 kilograms or more of cocaine on or about July 22, 2007.

2

**REQUEST NO. 3**

**Count One: Narcotics Conspiracy:**
**General Instructions (21 U.S.C. § 846)**

As I said, Count One charges the defendant with participating in a conspiracy to violate the narcotics laws of the United States. Count One charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count One of the Indictment up through the overt act.]*

What is a conspiracy? A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Count Two, which I will discuss in a few moments, is a substantive crime.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendant guilty of the crime of conspiracy, even if you find that he never actually committed the substantive crime that was the object of the conspiracy. In other words, you may find BELTRAN guilty of the crime of conspiracy to distribute cocaine, or to possess cocaine

3

with the intent to distribute it — in other words, agreeing to distribute or to possess with intent to distribute cocaine — even if there was no *actual* distribution or possession with the intent to distribute. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, et al., Modern Federal Jury Instructions, Instr. 19-2. See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

4

## REQUEST NO. 4

### Count One: Narcotics Conspiracy:
### Elements of the Conspiracy

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> Under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S. Ct.

5

382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United</u> <u>States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United</u> <u>States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United</u> <u>States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

## REQUEST NO. 5

## Count One: Narcotics Conspiracy: First Element – Existence of the Conspiracy

Now, with respect to Count One, let us turn to the first element that the Government must establish beyond a reasonable doubt, the existence of the conspiracy. What is a conspiracy? Simply defined, a conspiracy is an agreement by two or more persons to violate the law. In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the distribution or the possession with intent to distribute a controlled substance.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed,

7

it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find two or more persons entered into the unlawful agreement alleged in the Indictment in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each

other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count One the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual under-standing, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

9

## **Object of Conspiracy**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. The Indictment charges the following goal of the conspiracy: the distribution of, and possession with intent to distribute, cocaine. I will define the terms "distribution" and "possession" for you in a moment, when I discuss Count Two of the Indictment, which charges a substantive offense. As I will explain in more detail in a few moments, to "distribute" means simply to transfer to another. It does not require a sale. "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

## **Quantity**

Before I go further, let me note something regarding the quantity and purity of drugs involved. I instruct you that the actual quantity and purity of the cocaine involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of Count One. In order to determine whether the defendant is guilty of Count One, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of cocaine.

10

As I will explain later, however, if you do find that the Government has proved the elements of Count One of the Indictment beyond a reasonable doubt, you will then be asked to make a finding about quantity.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States v. Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992); and the charge of the Honorable Kevin T. Duffy in <u>United States v. Ogarro</u>, 92 Cr. 114 (S.D.N.Y. 1992); and the charge of the Honorable Kevin T. Duffy in <u>United States v. Burnett</u>, 92 Cr. 731 (S.D.N.Y. 1993); Sand, Modern Federal Jury Instructions, Instr. 19-4.
>
> <u>See</u> <u>United States v. Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United States v. Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); <u>United States v. Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

11

<u>**REQUEST NO. 6**</u>

**Count One: Narcotics Conspiracy: Second Element –
Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt by evidence of the actions and conduct of the defendant that he unlawfully, intentionally, and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to promote and cooperate in one of its unlawful objectives.

**"Unlawfully," "Intentionally," and "Knowingly" Defined**

As to this element, the terms "unlawfully," "intentionally," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing – that he took the actions in question deliberately and voluntarily.

"Unlawfully" means simply contrary to law. The defendant considering need <u>not</u> have known that he was breaking any particular

law or any particular rule.  He need only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposefully; that is, the actions of the defendant must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendant or in his presence.  The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purpose of the conspiracy.

The defendant denies that he was a member of this conspiracy.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary

13

that the defendant know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of the defendant's participation in the conspiracy has no bearing on the issue of the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  The defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before joining and all that was done during the conspiracy's existence while the defendant was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even

14

coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992), and from the
> charge of the Honorable Michael B. Mukasey in
> United States v. Bello, 91 Cr. 571 (MBM),
> aff'd mem., 990 F.2d 622 (2d Cir. 1993), and
> from Sand, Modern Federal Jury Instructions,
> Instr. 19-6. See United States v. Rea, 958
> F.2d 1206, 1214 (2d Cir. 1992) ("The
> defendant's knowledge of the conspiracy and

15

participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted). <u>See also United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct. 347 (1991); and <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

16

## REQUEST NO. 7

### Count One: Narcotics Conspiracy:
### Overt Act

Count One of the Indictment contains a section entitled "overt act." This provides an example of conduct alleged by the Government to have been undertaken by the defendant to further or promote the illegal objective of the conspiracy.

Although the Indictment lists an overt act, the Government need not prove that the defendant or any co-conspirators committed any overt act. As I have told you, to prove a conspiracy, the Government need only prove the existence of the conspiracy charged, and the knowing participation in the conspiracy by the defendant.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000). See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

17

<u>**REQUEST NO. 8**</u>

<u>**Count One: Narcotics Conspiracy:**</u>
<u>**Time of Conspiracy**</u>

      Count One alleges that the conspiracy existed from in or about March 2007 through in or about July 2007.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

      Adapted from the charge of the Honorable John F. Keenan in <u>United States v. Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); Sand, Modern Federal Jury Instructions, Instr. 3-12.

18

<u>**REQUEST NO. 9**</u>

<u>**Count One: Narcotics Conspiracy:**</u>
<u>**Liability for Acts and Declarations of Co-Conspirators**</u>

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See <u>United States v. Mastropieri</u>, 685 F.2d 776, 786-90 (2d Cir. 1982)(specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

19

**REQUEST NO. 10**

**Count One: Narcotics Conspiracy:
Special Interrogatory on Drug Quantity**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in a conspiracy that had as its objective the distribution of cocaine or possession with intent to distribute cocaine, then you are asked to make a finding, called a special interrogatory, as to quantity.

You do not need to determine the precise quantity of cocaine involved in the conspiracy. Rather, you need only decide whether the conspiracy involved more than a certain specified amount of cocaine, and whether the amount was either known to the defendant, or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook.

The specified amount is as follows:

--   more than 5 kilograms of cocaine

Your determinations on drug quantity must be unanimous and beyond a reasonable doubt. You will be given a verdict sheet on which to record the jury's answer to this question.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000);
> United States v. Thomas, 274 F.3d 655 (2d Cir.
> 2001)(en banc); United States v. Gonzalez, 420
> F.3d 111, 125 (2d Cir. 2005); United States v.
> Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993)
> (noting that a co-conspirator "should not be
> sentenced for certain conspiratorial acts unless
> there is proof that he knew or should have known
> about the details of these conspiratorial acts");

<u>United States</u> v. <u>Velasquez</u>, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendant personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); <u>United States</u> v. <u>Chalarca</u>, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); <u>United States</u> v. <u>Castrillon</u>, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

<u>**REQUEST NO.11**</u>

<u>**Count Two:  Distribution and Possession with**</u>
<u>**Intent to Distribute a Controlled Substance:**</u>
<u>**General Instruction (21 U.S.C. § 841)**</u>

Let me now turn to the second count of the Indictment.

Count Two of the Indictment charges that the defendant

distributed and possessed with intent to distribute cocaine on or

about July 22, 2007, in violation of Title 21, United States

Code, Section 841.  Count Two reads as follows:

[*The Court is respectfully requested to read Count Two*
*of the Indictment*]

22

**REQUEST NO.12**
**Count Two: Distribution and Possession with**
**Intent to Distribute a Controlled Substance:**
**Elements of the Offense**

In order to sustain its burden of proof on the charge of distribution and possession with intent to distribute, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about July 22, 2007, the defendant either distributed a controlled substance or possessed a controlled substance with the intent to distribute it.

Second, that he did so unlawfully, intentionally, and knowingly; and

Third, that the substance involved was in fact a controlled substance.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> See, e.g., United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988) (setting forth elements); and United States v. James, 555 F.2d 992 (D.C. Cir. 1977) (same).

23

## REQUEST NO.13

### Count Two: Distribution and Possession with Intent to Distribute a Controlled Substance: First Element – "Distribution" and "Possession with Intent to Distribute"

The first element that the Government must prove beyond a reasonable doubt is the "distribution" or "possession with intent to distribute" of a controlled substance.  Before I define these terms for you, let me note that the Government must prove only that the defendant distributed the controlled substance, <u>or</u> that he possessed the controlled substance with the intent to distribute it.  The Government need not prove both of these.  Now I will define for you the terms "distribution" and "possess with intent to distribute."

### "Distribution"

The word "distribution" means the actual, constructive, or attempted transfer of the drug.  To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another.  Distribution does not require a sale.

### "Possession With Intent To Distribute"

What does "possession with intent to distribute" mean? I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

24

**"Possession"**

We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that a person had the controlled substance on his person, therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control possesses them because he has an effective working relationship with the people who have actual physical custody of them, and because he can direct the movement or transfer or disposition of those things.  In this manner, a businessman may possess things that are scattered throughout a

25

number of stores or offices or installations around and about a city or a country.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

### "Intent to Distribute"

That is what is meant by "possession." In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that the defendant possessed the substances with a state of mind or purpose to transfer them to another person.

Since you cannot read the defendant's mind, you must make an inference from his behavior. However, you cannot find the defendant guilty unless these inferences convince you beyond a reasonable doubt that the defendant possessed the substances in question with the intent to distribute them. Basically, what you are determining if you find that the defendant had possession of the drugs, is whether the drugs in the defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

26

Often it is possible to make this determination from the quantity of drugs that you find the defendant possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them. On the other hand, the defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute. It might also be evidence of a plan or a scheme to distribute. You should make your decision whether the Government has proved beyond a reasonable doubt that the defendant intended to distribute the controlled substances in his possession from all of the evidence presented in this case.

In order to satisfy the first element, in summary, the Government must prove beyond a reasonable doubt that the defendant distributed a controlled substance, or possessed a controlled substance with the intent to distribute it. Let me note that the Government need prove only that the defendant distributed the controlled substance <u>or</u> that he possessed the controlled substance with the intent to distribute it. The Government need not prove both.

Adapted from the charge of the Honorable
Leonard B. Sand in <u>United States</u> v.
<u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992)
and from the charge of the Honorable

27

John M. Walker in <u>United</u> <u>States</u> v.
<u>Torres</u>, 87 Cr. 593 (JMW) (S.D.N.Y.
1988), <u>aff'd</u>, 901 F.2d 205, 221, 243-44
(2d Cir.) (specifically approving charge
on possession), <u>cert</u>. <u>denied</u>, 111 S.Ct.
273 (1990).  <u>See</u> <u>also</u> Sand <u>et</u> <u>al</u>.,
<u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr.
56-9, 56-12, and 56-13.

28

**REQUEST NO.14**

**Count Two: Distribution and Possession with
Intent to Distribute a Controlled Substance: Second Element –
"Unlawfully, Intentionally, and Knowingly"**

The second element that the Government must prove
beyond a reasonable doubt is that the defendant acted
"unlawfully, intentionally, and knowingly."  I have already
instructed you on the meaning of these words in my charge on the
narcotics conspiracy count, but let me elaborate a bit further.

To satisfy its burden of proof as to this element, the
Government must prove beyond a reasonable doubt that the
defendant knew that he possessed narcotics and that his actions
in distributing the narcotics or possessing the narcotics with
the intent to distribute them were not due to carelessness,
negligence, or mistake.

Although the Government must prove that the defendant
knew that he possessed narcotics, however, it does not have to
prove that the defendant knew the exact nature of the drugs in
his possession.  It is enough that the defendant knew that he
possessed some kind of narcotics.

As you can see, this element concerns a person's state
of mind.  Direct proof of state of mind is not always available.
Indeed, it would be a rare case where it could be shown that a
person wrote or stated that, as of a given time in the past, he
committed an act with a certain state of mind.  Such direct proof
is not required.

29

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide, for example, whether the defendant possessed narcotics with an intent to distribute, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to them and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). See also United States v. Knuckles, 581 F.2d 305, 308-13 (2d Cir.) (proof of either cocaine or heroin will support conviction on count charging heroin), cert. denied, 439 U.S. 986 (1978), and United States v. Morales, 577 F.2d 769, 776 (2d Cir. 1978) ("[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is

30

sufficient that he be aware that he
possesses some controlled substance.")
(citations omitted).

**REQUEST NO.15**

**Count Two: Distribution and Possession with
Intent to Distribute a Controlled Substance: Third Element
Third Element - Controlled Substance**

The third element that the Government must prove beyond a reasonable doubt is that the substance involved was, in fact, a controlled substance.  Let me instruct you that, if you find that the substance involved was a controlled substance, namely, cocaine, the quantity or purity of the substance is immaterial.

So long as you find that the defendant knowingly distributed or possessed with intent to distribute cocaine, the amount involved, or its purity, is not important to your determination of the defendant's guilt or non-guilt.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  See also United States v. Campuzano, 905 F.2d 677 (2d Cir.) (quantity not an element of § 841 or §846 offenses; proper not to present question of quantity to jury), cert. denied, 111 S. Ct. 363 (1990).

32

**REQUEST NO. 16**

**Count Two: Distribution and Possession with
Intent to Distribute a Controlled Substance: Aiding and Abetting**

With respect to Count Two, the Indictment also charges the defendant with what is known in the law as "aiding and abetting." This is an alternative manner in which the defendant may be found guilty of Count Two. Aiding and abetting must be proven by the Government beyond a reasonable doubt.

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United
> States or aids, abets, counsels, commands, induces
> or procures its commission, is punishable as a
> principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant you are considering committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, with respect to Count Two, you may find the defendant guilty of the substantive crime of distribution or possession with

33

the intent to distribute a controlled substance, if you find beyond a reasonable doubt that the Government has proved that another person actually committed that crime, and that the defendant aided and abetted that person in the commission of that crime.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that the crime charged was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

To aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some

34

interest in the criminal venture, although the interest does not have to be a financial one.

As I mentioned before, in determining whether the defendant is guilty of the substantive offense of distributing or possessing with intent to distribute cocaine as charged in Count Two, the precise quantity of cocaine involved does not matter. The same applies to aiding and abetting this offense. As long as you find beyond a reasonable doubt that the defendant aided and abetted the distribution or possession with intent to distribute some amount of cocaine, you must find the defendant guilty of Count Two as an aider and abettor.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 11-1 and 11-2; and the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977).
>
> See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir. 1981) (same).

**REQUEST NO. 17**

**Count Two: Distribution and Possession with
Intent to Distribute a Controlled Substance:
Special Interrogatory on Drug Quantity**

If, and only if, you find that the Government has
proved beyond a reasonable doubt that the defendant is guilty of
distributing or possessing with intent to distribute cocaine as
charged in Count Two, then you are asked to make a finding,
called a special interrogatory.

You do not need to determine the precise quantity of
cocaine that was distributed or possessed with intent to
distribute.  Rather, you need only decide whether the crime
involved more than a certain specified amount of cocaine.

The specified amount is as follows with respect to
Count Two:

--   more than 5 kilograms of cocaine

Your determinations on drug quantity must be unanimous
and beyond a reasonable doubt.  You will be given a verdict sheet
on which to record the jury's answer to this question.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000);
> United States v. Thomas, 274 F.3d 655 (2d Cir.
> 2001)(en banc); United States v. Gonzalez, 420
> F.3d 111, 125 (2d Cir. 2005); United States v.
> Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993)
> (noting that a co-conspirator "should not be
> sentenced for certain conspiratorial acts unless
> there is proof that he knew or should have known
> about the details of these conspiratorial acts");
> United States v. Velasquez, 28 F.3d 2, 5 (2d Cir.
> 1994) (holding that the "reasonable
> foreseeability" requirement does not apply to

36

conduct "that the defendant personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); United States v. Chalarca, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); United States v. Castrillon, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

## REQUEST NO. 18

### Venue

In addition to all the elements of Counts One and Two that I have just described for you, you must decide, separately with respect to both of these counts, whether any act in furtherance of the crime occurred within the Southern District of New York. The Southern District of New York includes, among other places, Manhattan and the Bronx, New York.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York. Thus, with respect to Counts One and Two, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within this District.

38

If you find that the Government has failed to prove this venue requirement with respect to a particular charge, then you must acquit the defendant of this charge.

Adapted from the charges of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and Tr. at 439; the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.  See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), cert. denied, 112 S. Ct. 660 (1991).

## REQUEST NO. 19

## Variance In Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

> Adapted from the charged of Judge Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of Judge Charles Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

40

## REQUEST NO. 20

## Particular Investigative Techniques Not Required

## [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable
> Pierre N. Leval in United States v.
> Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992),
> and from the charge of Honorable John F.
> Keenan in United States v. Medina, 91 Cr. 894
> (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 21

## Use of Informants

### [If Applicable]

You have heard testimony regarding the use of an informant in this case.

There is nothing wrong or illegal with the Government using this technique, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case.  Indeed, certain types of evidence would be extremely difficult to detect without the use of informants.

Whether or not you approve of the use of informants to detect and investigate unlawful activities is not to enter into your deliberations in any way.  If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in the Indictment, the Government's use of an informant is irrelevant.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-23; United States v. Dennis, 183 F.2d 201 (2d Cir. 1950).

42

## REQUEST NO. 22

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

**REQUEST NO. 23**

**Expert Testimony**

You have heard testimony from what we call an expert witness.  An expert witness is one who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and give his reasons for his opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to the expert as well as to other witnesses. You should consider the expert opinion which was received in evidence in this case and give the opinion as much or as little weight as you think it deserves. If you should decide that the opinion of the expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of the expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of the expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his

44

conclusions, you would be justified in placing great reliance on his testimony.

> Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of Judge Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

## REQUEST NO. 24

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

46

**REQUEST NO. 25**

**Stipulation of Facts**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-6.

**REQUEST NO. 26**

**Stipulation of Testimony**

**[If Applicable]**

In this case you have also heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from Sand et al., Modern Federal Jury Instructions, Instr. 5-6 & 5-7.

48

## REQUEST NO. 27

## Charts and Summaries

## [If Applicable]

Some of the witnesses testified with respect to various charts and summaries.  The charts and summaries were based on other evidence in the case.  The documents from which they were made are before you as evidence.  The charts and summaries were intended to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

1 Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u> ¶ 5.05, Instr. 5-13.

49

## REQUEST NO. 28

### Persons Not On Trial Or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u> <u>et</u> <u>al</u>., S 77 Cr. 190 (Nov. 29, 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979), <u>cert</u>. <u>denied</u>, 446 U.S. 907 (1980).

> Adapted from Judge Pollack's charge in <u>United States</u> v. <u>Bynum</u>, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, <u>et</u> <u>al.</u>, <u>Modern Jury Instructions</u>, Instr. 3-4.

Adapted from the charge of Judge Leisure in <u>United States</u> v. <u>Parra and Ortega</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

## REQUEST NO. 29

## Defendant's Right Not to Testify

### [If Requested by Defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

52

**REQUEST NO. 30**

**Defendant's Testimony**

**[Requested Only If Defendant Testifies]**

The defendant testified at trial.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.


Adapted from United States v. Gaines, slip. op. No. 04-5616-cr (2d Cir. July 20, 2006), at 18.

**REQUEST NO. 31**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives and works.  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of the defendant about whom the witness testified. [**If applicable**: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.] The guilt or non-guilt of the defendant is for you alone to

54

determine, and should be based on all the evidence you have heard in the case.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-15; and from the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge)(defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

**REQUEST NO. 32**

**Uncalled Witness -**
**Equally Available to Both Sides**

**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

56

## REQUEST NO. 33

### Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized during a search of a residence and a search of a vehicle, and from the defendant or other people following their arrests. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 34

## Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty, direct evidence and circumstantial evidence.

Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses – what he sees, feels, touches, or hears – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a clear day. Assume that the courtroom blinds were drawn, so that you could not look outside. Assume that as you were sitting in the jury box, a man walked into the courtroom with an umbrella that was dripping wet, followed shortly by a woman wearing a raincoat, and her raincoat was wet.

Now, under our assumptions you cannot look out of the courtroom and see whether it is raining, so you have no direct evidence of that fact. But certainly on the combination of facts

58

that I have asked you to assume, even though when you entered the building it was not raining outside, it would be reasonable and logical for you to conclude that it had been raining recently.

You would arrive at this conclusion from circumstantial evidence. In other words, you would infer on the basis of reason and experience from one or more established facts — in this example, the dripping umbrella and the wet raincoat — the existence of some other fact.

The law does not distinguish between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence. You may consider both. The question in the case is whether based upon all the evidence, both direct and circumstantial, you find that the government has proved its case against the defendant beyond a reasonable doubt.

There are times when different inferences may be drawn from facts, whether they are proved by direct or circumstantial evidence. The government asks you to draw one set of inferences. The defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

Adapted from 1 Leonard B. Sand et al., <u>Modern Federal Jury Instructions</u> ¶ 5.01, Inst. 5-2.

**Request. No. 35**

**Limiting Instruction - Similar Act Evidence**

**[If Applicable]**

You will recall that some evidence introduced by the Government was received for a limited purpose. First, you heard testimony that money was seized from the defendant's pickup truck in Tennessee. The Government offered this evidence to demonstrate the defendant's intent and knowledge and to establish the absence of mistake or accident with regard to the offenses that are charged in the instant indictment. Second, you heard testimony that the defendant was in possession of cocaine in Texas. The Government offered this evidence to demonstrate the defendant's knowledge of narcotics activity in general.

You may not consider this evidence as a substitute for proof that the defendant committed any of the crimes charged in the Indictment. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a much more limited purpose and you may consider it only for that limited purpose.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from 1 Sand, Modern Federal Jury Instructions, Instruction 5-25; see also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

60

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are

61

judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do _not_ report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Adapted from the charge of the Honorable
Arnold Bauman in United States v. Soldaro,
73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).
See also United States v. Corr, 75 Cr. 803,
Tr. 5425-26 (S.D.N.Y.), aff'd, 543 F.2d
1042 (2d Cir. 1976).

62

Dated:     New York, New York
           July 21, 2008

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                           of America


                    By: s/ Richard C. Tarlowe
                         Richard C. Tarlowe
                         Assistant United States Attorney
                         Tel.: (212) 637-2330