UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                  :

     - v -                              :    S1 07 Cr. 804 (RJS)

SILVESTRE RICO BELTRAN,                    :

                   Defendant.    :

- - - - - - - - - - - - - - - - - - - - - x


GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS


                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York

                        Attorney for the United States
                            of America

Richard C. Tarlowe
Guy Petrillo
Assistant United States Attorneys

      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

            - v -                           :    S1 07 Cr. 804 (RJS)

SILVESTRE RICO BELTRAN,                      :

                        Defendant.          :

- - - - - - - - - - - - - - - - - - - - - x

GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS

        The Government respectfully requests, pursuant to

Rule 24(a) of the Federal Rules of Criminal Procedure, that the

Court include the following questions in its examination of

prospective jurors.  The Court is requested to pursue more

detailed questioning at the sidebar or in the robing room if a

prospective juror's answer reveals that further inquiry is

appropriate and, in such an instance, to conclude with an inquiry

as to whether the particular fact or circumstance would influence

the prospective juror in favor of or against either the

Government or the defendant.

A.    The Charges

        1.   This is a criminal case.  The defendant, SILVESTRE

RICO BELTRAN, has been charged in an Indictment with violating

federal laws which I will summarize in a minute.  The Indictment

was filed by a grand jury sitting in this district.

2.    The Indictment is not evidence.  It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.  The Indictment charges in Count One that between March 2007 and July 2007, the defendant conspired to distribute 5 kilograms and more of cocaine; and it charges in Count Two that on July 22, 2007, BELTRAN distributed and possessed with intent to distribute 5 kilograms and more of cocaine.

3.    Do any of you believe you have personal knowledge of the events charged in the Indictment as I have described them?

B.    Nature of the Charges

4.    Some of the evidence at trial will concern activity taking place at 516 Pugsley Avenue in the Bronx, New York.  Do any of you have any particular knowledge or familiarity with 516 Pugsley Avenue in the Bronx, New York?

5.    As you can tell, during the trial, you will hear evidence concerning narcotics trafficking.  Does the fact that the charges involve narcotic drugs – specifically cocaine – make it difficult for any of you to render a fair verdict?  Do any of you feel that you could not decide fairly and impartially a case involving cocaine?

6.   Do any of you believe that the improper distribution of narcotics should not be illegal, or that the laws governing these crimes should not be enforced?  Is there anything about the nature of the charges that would cause you to be unable to render a fair and impartial verdict in this case?

7.   Do any of you have any opinion about the enforcement of the federal narcotics laws that might prevent you from being fair and impartial in this case?  Has any juror formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

8.   Have any of you been involved in an offense involving narcotics or other controlled substances?  Do any of you have a relative, close friend or associate who has been involved in an offense involving narcotics or other controlled substances?  Have you, or has any member of your family or any of your close friends, had any experience of any kind, directly or indirectly, with narcotics or other controlled substances?

C.   Knowledge of the Trial Participants

9.   The defendant in this case SILVESTRE RICO BELTRAN. [Please ask the defendant to rise.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

10.  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

11.   The defendant is represented by Mr. Carlos Garcia. [Please ask Mr. Garcia to stand.]  Do any of you know Mr. Garcia? Have any of you had dealings, either directly or indirectly, with Mr. Garcia, or anyone at his firm?

12.   The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Richard Tarlowe and Guy Petrillo.  They will be assisted by Christopher McClellan, a Special Agent with Immigration and Customs Enforcement in the Department of Homeland Security. [Please ask Mr. Tarlowe, Mr. Petrillo, and Agent McClellan to stand.]  Do any of you know Mr. Garcia, Mr. Tarlowe, Mr. Petrillo, or Agent McClellan?  Have you had any dealings either directly or indirectly with any of these individuals?

13.   I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case.  [Names to be provided.]  Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

D.   Ability to Render Fair Verdict

14.   Law Enforcement Personnel.  The witnesses in this case will include law enforcement personnel.  Would any juror be

more likely to believe or disbelieve a witness merely because he
or she is a law enforcement officer?

E.   Relationship with the Government

        15.   Do any of you know, or have any association –
professional, business, or social, direct or indirect – with any
member of the staff of the United States Attorney's Office for
the Southern District of New York, Immigration and Customs
Enforcement, or the Department of Homeland Security more
generally?  Is any member of your family employed by any law
enforcement agency, whether federal, state, or local?

        16.   Do any of you have any bias, prejudice or other
feelings for or against the United States Attorney's Office, or
any investigative agencies of the United States Government?  Has
any juror, either through any experience he or she has had or
anything he or she has seen or read, developed any bias or
prejudice for or against the United States Attorney's Office, or
any investigative agencies of the United States Government?

        17.   Have you, or has any member of your family, either
as an individual, or in the course of business, ever been a party
to any legal action or dispute with the United States, or with
any of the officers, departments, agencies, or employees of the
United States, including the Internal Revenue Service?  Have any
of you had any legal, financial or other interest in any such
legal action or dispute, or its outcome?  In particular, have

you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

F.    Prior Jury Service

18.    Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

19.    Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Did the jury reach a verdict?

G.    Experience as a Witness, Defendant, or Crime Victim

20.    Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

21.    Have you ever been a witness or a complainant in any federal or state prosecution?

22.    Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

23.   Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

24.   Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

25.   Have you, or any of your close friends or relatives, ever been a victim of a crime?   [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

H.   Other Questions

26.   Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

27.   Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

28.   Do any of you have any difficulty in reading or understanding English in any degree?

I.   Function of the Court and Jury

29.   The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your

role as the exclusive fact-finder.  When it comes to the law,
however, you are to take your instructions from the Court, and
you are bound by those instructions.  You may not substitute your
own notions of what the law is, or what you think it should be.
At the conclusion of the case, your job will be to determine
whether or not the defendant is guilty as charged in the
Indictment.  Does any juror have any bias or prejudice that might
prevent or hinder him or her from accepting the instructions of
law that I will give you in this case?

     30.  Will each of you accept the proposition that the
question of punishment is for the Court alone to decide, and that
the possible punishment must not enter into your deliberations as
to whether the defendant is guilty or innocent?

     31.  Will each of you accept the proposition of law
that sympathy must not enter into the deliberations of the jurors
as to guilt or innocence of the defendant, and that only the
evidence produced here in Court may be used by you to determine
the guilt or innocence of the defendant?

     32.  It is not a particularly pleasant duty to find
another individual guilty of committing a crime.  Is there any
juror who feels that even if the evidence established the
defendant's guilt beyond a reasonable doubt, he or she might not
be able to render a guilty verdict for reasons unrelated to the
law and the evidence?

33.  Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law or evidence?

34.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

J.   Juror's Background

35.  The Government respectfully requests that the Court ask each juror to state the following information:

      a.   the juror's family status;

      b.   the juror's occupation and educational background;

      c.   the name and general location of the juror's employer;

      d.   the period of employment with that employer;

      e.   the same information concerning other employment within the last five years;

      f.   the same information with respect to the juror's spouse and any working children;

      g.   the area in which the juror resides;

          h.     what newspapers and magazines the juror reads and how often; and

          i.     what television programs the juror regularly watches.

K.   Requested Instruction Following
     <u>Impaneling of the Jury</u>

       36.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in this case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

37.  In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom.  Please do not wait in the courtroom.

Dated:    New York, New York
          July 21, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York


                        By:   s/ Richard C. Tarlowe
                              Richard C. Tarlowe
                              Assistant United States Attorney
                              Tel.: (212) 637-2330