**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **07-CR-804 (RJS)** |
| **SILVESTRE RICO BELTRAN** | * | |

**PROPOSED JURY INSTRUCTIONS**

TO THE HONORABLE JUDGE SULLIVAN, DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

    The Defendant, SILVESTRE RICO BELTRAN, by and through his attorney Carlos A. Garcia, hereby submits the attached requested jury instructions.

    Respectfully submitted,

By:   /s/ Carlos A. Garcia      .
    Carlos A. García
    Attorney-in-charge
    State Bar No. 24048934
    Southern District of Texas Bar No.: 589236
    1305 East Griffin Parkway
    Mission, Texas 78572
    Tel. (956) 584-1448
    Fax: (956) 584-7402

**Request No. 1: FINAL JURY INSTRUCTION**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**Request No. 2: <u>DUTY TO FOLLOW INSTRUCTIONS</u>**

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Request No. 3: <u>PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT</u>**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, SILVESTRE RICO BELTRAN is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving SILVESTRE RICO BELTRAN guilty beyond a reasonable doubt, and if it fails to do so, you must acquit SILVESTRE RICO BELTRAN.

While the government's burden of proof is a strict or heavy burden, it is not necessary that SILVESTRE RICO BELTRAN's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning SILVESTRE RICO BELTRAN's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Request No. 4: <u>CAUTION-CONSIDER ONLY CRIME CHARGED</u>**

You are here to decide whether the government has proved beyond a reasonable doubt that SILVESTRE RICO BELTRAN is guilty of the crime charged. SILVESTRE RICO BELTRAN is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## Request No. 5: <u>CAUTION--PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## Request No. 6: <u>EVIDENCE--EXCLUDING WHAT IS NOT EVIDENCE</u>

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Request No. 7: <u>EVIDENCE--INFERENCES--DIRECT AND CIRCUMSTANTIAL</u>**

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

<u>**ALTERNATIVE A**</u>

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

<u>**ALTERNATIVE B**</u>

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**Request No. 8: <u>CREDIBILITY OF WITNESSES</u>**

I remind you that it is your job to decide whether the government has proved the guilt of SILVESTRE RICO BELTRAN beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of law enforcement should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching

6

a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### Request No. 9: IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

### Request No. 10: IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of SILVESTRE RICO BELTRAN as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning you assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which SILVESTRE RICO BELTRAN was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe SILVESTRE RICO BELTRAN.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of SILVESTRE RICO BELTRAN as the perpetrator of the offense charged, you must find SILVESTRE RICO BELTRAN not guilty.

### Request No. 11: ACCOMPLICE--INFORMER--IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those

8

circumstances, or by the witness's interest in the outcome of the case, or by prejudice against SILVESTRE RICO BELTRAN, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### Request No. 12: WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### Request No. 13: DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if

convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved SILVESTRE RICO BELTRAN guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

## Request No. 14: UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count .

Count of the indictment accuses SILVESTRE RICO BELTRAN of committing the crime of in two different ways. The first is that SILVESTRE RICO BELTRAN conspired to possess a controlled substance. The second is that SILVESTRE RICO BELTRAN possessed a controlled substance with intent to distribute.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved. All of you

must agree that the government proved beyond a reasonable doubt that SILVESTRE RICO BELTRAN conspired to possess a controlled substance; or, all of you must agree that the government proved beyond a reasonable doubt that SILVESTRE RICO BELTRAN possessed a controlled substance with intent to distribute.

### Request No. 15: STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of SILVESTRE RICO BELTRAN, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

### Request No. 16: POSSESSION

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that SILVESTRE RICO BELTRAN had actual or constructive possession, either alone or jointly with others.

The government may not rely only upon a defendant's ownership and control of a vehicle to prove the defendant knew that he possessed a controlled substance. While these are factors you may consider, the government must prove that there is other evidence indicating the defendant's guilty knowledge of a controlled substance hidden in the vehicle.

### Request No. 17: "KNOWINGLY"--TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### Request No. 18: POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841(a)(1)

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone knowingly or intentionally to possess a controlled substance with intent to distribute it.

Cocaine is a controlled substance within the meaning of this law.

For you to find SILVESTRE RICO BELTRAN guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That SILVESTRE RICO BELTRAN knowingly possessed a controlled substance;

*Second:* That the substance was in fact cocaine;

*Third:* That SILVESTRE RICO BELTRAN possessed the substance with the intent to distribute it; and

*Fourth*: That the quantity of the substance was at least five kilograms.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

### Request No. 19: CONTROLLED SUBSTANCES—CONSPIRACY 21 U.S.C. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, SILVESTRE RICO BELTRAN is charged with conspiring to possess with intent to distribute a controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find SILVESTRE RICO BELTRAN guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That two or more persons, one of which being SILVESTRE RICO BELTRAN, directly or indirectly, reached an agreement to posses with intent to distribute a controlled substance.

*Second:* That SILVESTRE RICO BELTRAN knew of the unlawful purpose of the agreement;

*Third:* That SILVESTRE RICO BELTRAN joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth:* That the overall scope of the conspiracy involved at least five kilograms of cocaine.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though SILVESTRE RICO BELTRAN had not participated before and even though SILVESTRE RICO BELTRAN played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator. The government must

prove, by competent evidence and beyond a reasonable doubt that SILVESTRE RICO BELTRAN knowingly entered into a conspiracy in order to further its unlawful purpose.

Respectfully Submitted,

/s/ Carlos A. García