

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One St. Andrew's Plaza*
*New York, New York 10007*

July 23, 2008

**BY HAND AND ECF**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

      Re:    **United States v. Silvestre Rico Beltran,**
                **S1 07 Cr. 804 (RJS)**

Dear Judge Sullivan:

      As the Court is aware, the Government previously submitted a letter, dated July 14, 2008, seeking in limine rulings with respect to the admissibility of certain evidence. Among other things, the Government sought to introduce evidence, pursuant to Rule 404(b) of the Federal Rules of Evidence, that on or about August 30, 2006, law enforcement officers in Tennessee seized approximately $16,000 in cash from the defendant's pickup truck. The Government respectfully submits this letter to supplement its earlier application in light of additional evidence it has obtained. For the reasons set forth below, the Government believes that this newly-obtained evidence bears directly on the admissibility of the proposed 404(b) evidence.

**A.**    **The Government's Direct Proof**

      As direct proof of the conspiracy charged in Count One of the Indictment, the Government will offer evidence that on approximately six occasions between March 2007 and July 2007, the defendant drove from Texas to the Bronx, New York. The evidence will show that just days before each of these trips, the defendant entered the United States from Mexico at or about the same time as the pickup truck registered to Carlos Pena Ontiveros (the "Pickup Truck").

      On each of the first five trips, the defendant stayed in New York only briefly

The Honorable Richard J. Sullivan
July 23, 2008
Page 2

before driving back to Texas.  On the sixth trip, the defendant was arrested in the Bronx, in an apartment in which agents found approximately 2 kilograms of cocaine, $98,000 in cash, a money counting machine, a heat sealer, and drug packaging materials.  In addition, the defendant had been seen earlier in the day in the Pickup Truck, which was found to contain approximately 8 kilograms of cocaine.

On each of the six trips, the defendant not only traveled to New York, but to the very same location in the Bronx where that apartment is located.  In addition, the evidence will establish that the route the defendant took when traveling back and forth between Texas and New York included Interstate-75 in Cleveland, Tennessee.  At the time of the traffic stop in Tennessee that led to the money seizure, the defendant was traveling southbound on Interstate-75 in Cleveland, Tennessee.

B.      The Money Seizure Is Admissible

As set forth in the Government's July 14, 2008 letter, the evidence of the money seizure is admissible pursuant to Rule 404(b) to show the defendant's knowledge and intent.  The additional evidence outlined above strengthens the Government's showing of a "similarity or some connection" between the prior act and the charged conduct, United States v. Brand, 467 F.3d 179, 196 (2d Cir. 2006), and enhances both the relevance and the probative value of this prior act evidence.  In addition, this evidence makes the prior act evidence admissible for another purpose, namely, to show a common scheme or plan.

The additional evidence obtained by the Government establishes the route used by the defendant on each of his trips between Texas and New York during the charged conspiracy, including the trip to New York in July 2007 in which the Pickup Truck contained 8 kilograms of cocaine.  The evidence demonstrates that Interstate-75 in Cleveland, Tennessee was part of that route.

Knowledge and intent will be key issues at trial.  Evidence that the defendant previously transported a large sum of cash, a recognized tool of the drug trade, along the very same interstate route he used multiple times to transport cocaine as part of the charged conspiracy, is undoubtedly relevant to the issue of whether he acted knowing and intentionally when he transported that cocaine to New York in July 2007.

Moreover, in light of the newly-obtained evidence, the prior act evidence is also admissible, pursuant to Rule 404(b), to show a common scheme or plan.  As direct proof, the Government will offer evidence showing that each of the defendant's trips to New York during the charged conspiracy were similar to one another, and that the conspiracy involved the transportation of cocaine from Mexico to the Bronx, New York on each of these trips.  The Government submits that the defendant's transportation of a large sum of cash along the very same route, but in the opposite direction, just six months before the charged conspiracy began, was part of this common scheme or plan.  See 2 Margaret A. Berger & Jack B. Weinstein,

The Honorable Richard J. Sullivan
July 23, 2008
Page 3

Weinstein's Federal Evidence § 404.22[5][a] (Joseph M. McLaughlin ed., 2d ed. 2005) ("Other-crime evidence may be admissible if the other act or crime is part of a common scheme or plan that includes the charged offense.").

      For the foregoing reasons, as well as the reasons set forth in the Government's July 14, 2008 letter, the Government's motions in limine should be granted.

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney

     By:   s/ Richard C. Tarlowe
           Richard C. Tarlowe
           Assistant United States Attorney
           Tel: (212) 637-2330