**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **1:07-cr-00804-RJS** |
| **SILVESTRE RICO BELTRAN** | * | |

**DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE**

NOW COMES Defendant, SILVESTRE RICO BELTRAN, by and through his undersigned attorney, and respectfully moves this Court for a pre-trial ruling on the admissibility of the Government's expert law enforcement witness, Special Agent Matthew G. Donahue, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998) (en banc).

I

SILVESTRE RICO BELTRAN is charged by indictment with possession with intent to distribute cocaine and conspiracy to commit the same. It is anticipated that the central issue in this litigation will be whether SILVESTRE RICO BELTRAN had knowledge of the contraband hidden in the vehicle in which he was a passenger and/or the contraband that was secreted in the home where he slept. The trial in this case is scheduled for July 29, 2008. On July 24, 2008, the defense received the Government's Notice and Summary of Testimony of Law Enforcement Witness Special Agent Matthew G. Donahue. The Government then indicated its intent to call Special Agent Matthew G. Donahue as an expert witness. Prior to this "notice", the government gave notice of its intent to call an expert witness to testify about the drugs tested in this case. That notice of expert

testimony did not include and never referenced any testimony from Agent Donahue. SILVESTRE RICO BELTRAN first requested notice of expert witnesses on or about September 7, 2007. SILVESRTE RICO BELTRAN now responds and files this supplemental motion in limine, asking the Court to exclude Special Agent Matthew G. Donahue's testimony on the basis that it does not constitute proper expert testimony and timely notice was not provided. Alternatively and to avoid a trial by ambush, SILVESTRE RICO BELTRAN asks the Court to exercise it "gatekeeping" function to make a pre-trial ruling on the admissibility of Special Agent Matthew G. Donahue's testimony pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 n.7, 597 (1993) and *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 273, 275–76 (5th Cir. 1998) (en banc).

**Before expert testimony may be presented to the jury, this Court must review the testimony to determine whether it is reliable.**

II

Federal Rule of Evidence 702 allows the presentation of expert testimony on the basis of "scientific, technical, or other specialized knowledge." Before such evidence is admitted, however, the trial judge must ensure that an expert's testimony "rests on a reliable foundation." *Daubert*, 509 U.S. 579, 597. *Daubert*'s requirement applies to all expert-opinion testimony. "[W]hile *Daubert* dealt with expert scientific evidence . . . the decision's focus on a standard of evidentiary reliability and the requirement that the expert's testimony must be appropriately validated are criteria equally applicable to 'technical, or other specialized knowledge'" *Watkins v. Telsmith, Inc*., 121 F.3d 984, 991 (5th Cir. 1997). Thus, whether expert testimony and evidence is based on scientific, technical or other specialized knowledge, *Daubert* and Rule 702 demand that the district court evaluate the methods, analysis, and principles relied upon by the expert in reaching his opinion. *Id*.

"Procedurally, *Daubert* instructs . . . that the district court must determine admissibility under Rule 702 by following the directions provided in Rule 104(a)." *Moore*, 151 F.3d 269, 273. Rule 104(a) requires preliminary fact-finding by the judge for the purpose of determining whether the reasoning or methodology underlying the testimony is valid. *Id*. The burden is on the party seeking admission of expert testimony—in this case, the Government—to demonstrate that the expert's findings and conclusions meet these standards. *Id*. at 276.

To determine reliability, *Daubert* provides a five-factor, non-exclusive test: (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted. *Daubert*, 509 U.S. 579, 593–95; *Moore*, 151 F.3d at 275. This analysis applies whether the expert testimony is considered to be "hard science," or whether it is based solely on experience or training. *Moore*, 151 F.3d 269, 275 n.6.

*A hearing is needed to determine whether the expert evidence meets Daubert's standards.*

III

Special Agent Matthew G. Donahue, who has worked as an agent for the Drug Enforcement Administration, is expected to testify to various conclusions, including "certain aspects of the drug trade" and "the use of prepaid cellular phones, digital scales, and heat sealers by drug traffickers" among others. While this proposed testimony is not within the realm of scientific evidence, under *Daubert*'s and *Moore*'s principles, set forth above, a hearing is needed to determine the reliability and relevancy of these conclusions.

The Government's disclosure does not reveal what analytical process or other source Special

Agent Matthew G. Donahue employed to reach his conclusions, or whether that process can be tested, *Daubert*, 509 U.S. 579, 593. While Special Agent Matthew G. Donahue's experience as a narcotics officer is the purported basis of his "expert" conclusions, there is no indication of whether he is basing his conclusions on conviction rates or some other source that he might have for divining the mental states of those participants in the drug cases he has investigated. The Government's notice does not reveal whether the process has been subject to peer review and publication, *id*. at 593–94; it does not reveal the known or potential rate of error for the process, *id*. at 594; it does not reveal whether the process is subject to standards or controls, *id*.; and, it does not reveal whether the process employed by the experts is generally accepted, *id*. The burden is on the Government as the party seeking admission of expert testimony to demonstrate that the expert's findings and conclusions meet these standards. *Moore*, 151 F.3d 269, 276.

      SILVESTRE RICO BELTRAN must be permitted to cross-examine the Government's witness to test reliability, and to have an opportunity to present evidence to refute the Government's claim of reliability. For these reasons, Special Agent Matthew G. Donahue requests that this Court hold a pretrial hearing on these matters, and thereafter order exclusion of testimony or evidence that does not satisfy the standards set forth in *Daubert* and cases interpreting it. In any event, SILVESTRE RICO BELTRAN requests that this Court order the Government not to allude before the jury to evidence about any of the enumerated issues unless, and until, this Court has ruled the evidence admissible under *Daubert* and the Federal Rules of Evidence.

      SILVESTRE RICO BELTRAN's rights in under the Due Process Clause will be violated if this agent's testimony is allowed. Counsel for SILVESTRE RICO BELTRAN has not had the opportunity to conduct proper discovery as the basis of this expert's opinion. Further, counsel for

SILVESTRE RICO BELTRAN has not had the opportunity to seek out his own expert to refute the government's expert opinion. Finally, counsel for SILVESTRE RICO BELTRAN hand delivered his discovery request nearly a year ago, seeking disclosure of the same. None was provided.

**The Court Should Exclude Any Expert Testimony Not Included in the Government's Notice and Summary of Special Agent Matthew G. Donahue's Testimony**

IV

Both Rule 16 of the Federal Rules of Criminal Procedure and this Court's discovery order direct the Government to provide summaries of any expert testimony it intends to offer at trial. Those summaries should assist counsel for the defense in preparing to answer the expert testimony and in assessing its reliability. The summaries also help prevent unfair surprise and trial by ambush. SILVESTRE RICO BELTRAN has relied on the lack of notice provided by the Government, in the preparation of his defense. Any expert testimony or evidence not reflected in those summaries should be excluded. This Court's order provides for exclusion of this expert testimony, and Rule 16 permits exclusion. *See Taylor v. Illinois*, 484 U.S. 400, 401–02 (1988) (exclusion of witness whose name did not appear on party's response to discovery request may be appropriate sanction); *see also* FED. R. CRIM. P. 16(d)(2).

 Respectfully submitted,

 By: /s/ Carlos A. Garcia
  Carlos A. García
  Attorney-in-charge
  State Bar No. 24048934
  Southern District of Texas Bar No.: 589236
  1305 East Griffin Parkway
  Mission, Texas 78572
  Tel. (956) 584-1448
  Fax: (956) 584-7402

**CERTIFICATE OF SERVICE AND CONFERENCE**

     I, Carlos A. García, hereby certify that on the 28th day of July, 2008, a copy of the foregoing Defendant's Supplemental Motion In Limine was electronically filed with the clerk of the court using CM/EFC system, which will send notification of such filing to all counsel of record. I further certify that:

  √   I have conferred with Richard Craig Tarlowe, Assistant United States Attorney in charge of this case.

                                    /s/Carlos A. García  
                                    Carlos A. García