# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Nº 09 Civ. 9812 (RJS)

SILVESTRE RICO BELTRAN,

Petitioner,

VERSUS

UNITED STATES OF AMERICA,

Respondent.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/09

MEMORANDUM AND ORDER
DECEMBER 29, 2009

RICHARD J. SULLIVAN, District Judge:

Before the Court is the *pro se* motion of Petitioner Silvestre Rico Beltran ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255. For the reasons that follow, Petitioner's petition is granted and a new judgment is ordered, from which Petitioner may timely appeal.

## I. BACKGROUND

In 2007, Petitioner was arrested and eventually charged in connection with his participation in the transportation of kilogram quantities of cocaine from the southwest Texas border to the Bronx. (*See Beltran v. United States*, 07-00804 (Dec. 19, 2008) Doc. No. 8.)

Count One of the Superseding Indictment charged Petitioner with conspiring with others to distribute and possess with intent to distribute a controlled substance, namely, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. (Superseding Indict. at 1.) Count Two of the Superseding Indictment charged Petitioner with possessing with intent to distribute, more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 18 U.S.C. § 2. (*Id.* at 2.)

On August 5, 2008, a jury found Petitioner guilty of both counts. Subsequently, the Court sentenced Petitioner, *inter alia*, to 188 months' imprisonment on December 11, 2008.

At sentencing, the Court inquired as to whether Petitioner's lawyer, Carlos A. Garcia ("Garcia"), would "remain as [Petitioner's] representative at least for purposes of getting an appeal started," to which Garcia replied, "[v]ery well, your Honor." (Sentencing Transcript "Sent. Tr." at 44.) On December 17, 2008, Garcia attempted to file Petitioner's Notice of Appeal. However, because Garcia filed the Notice of Appeal electronically and neither completed the proper forms nor delivered the appropriate forms with the Notice of Appeal to the Appeals Clerk in the Southern District of New York, Petitioner's Notice of Appeal was never properly or timely filed.

On January 5, 2009, Garcia filed a motion with this Court to withdraw as counsel. The Court denied that motion on February 5, 2009. Later, on April 20, 2009, Garcia, on behalf of Petitioner, filed a motion for leave to appeal *in formal pauperis*, which was granted on April 27, 2009. Finally, on November 30, 2009, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 arguing that his attorney was ineffective because he failed to file his Notice of Appeal after he was requested to do so.

## II. DISCUSSION

Petitioner argues that Garcia's failure to file his Notice of Appeal rendered Garcia's assistance ineffective. Specifically, Petitioner contends that Garcia attempted to file his Notice of Appeal electronically, but failed to file the appropriate documents with the Appeals Clerk. (Pet. at 5.) In addition, Petitioner requests that the Court appoint him new appellate counsel. The Court construes this petition as a motion to vacate the judgement, which it grants, and also appoints

Petitioner new counsel.

To prevail on a claim of ineffectiveness of counsel in a habeas petition, a petitioner is required to demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Although the *Strickland* analysis is traditionally used to determine the effectiveness of counsel, there are certain circumstances in which this traditional test is not necessary. One such circumstance is "when counsel's representation is so fundamentally deficient that it is presumed to have prejudiced the defendant." *Gjidija v. United States*, 2007 WL 2049727 at *4. The *Strickland* prejudice inquiry is likewise not required "when counsel was either totally absent, or prevented [the assistance of] the accused during a critical stage of the proceeding." *United States v. Cronic*, 466 U.S. 648, 653 (1984). The law is clear that a lawyer's failure to file an appeal or "to prosecute the appeal" creates a presumption of prejudice. *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994).

In this case, Garcia failed to properly and timely file Petitioner's Notice of Appeal after Petitioner informed his counsel that he wanted to appeal (Pet. at 5) and after Garcia assured the Court that he would effectuate the filing. (Sent. Tr. at 44.) Here, Garcia attempted to electronically file Petitioner's Notice of Appeal with the Southern District of New York, when the local rules make clear that he was required to complete the appropriate

forms and deliver them to the Appeals Clerk. (*See* SDNY Electronic Case Filing Rules and Instructions § 17.) Clearly, Garcia's error in failing to properly and timely file a notice of appeal prevented effective assistance during a critical stage of the proceeding and thus created a presumption of prejudice.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion pursuant to 18 U.S.C. § 2255 is granted. The Court will vacate Petitioner's judgment, originally filed December 19, 2008, and enter a new judgment as of today, with the identical sentence, from which Petitioner may timely appeal. *See Garcia v. United States*, 278 F.3d 134, 138 (2d Cir. 2002) ("The district court shall either: (1) enter a new judgment imposing the same sentence . . . or (2) if the district court discerns any useful purpose in further considering the sentence, rensentence."); *see also Mena v. United States*, 2004 U.S. Dist. LEXIS 24081 (S.D.N.Y., Nov. 30, 2004). The Court appoints Daniel Nobel, Esq., to represent the Petitioner. Pursuant to Fed. R. App. 4(b), Petitioner has fourteen days to file a notice of appeal.

A request for a further extension of time in which to file a notice of appeal may be made pursuant to Fed. R. App. 4(b)(4). The Clerk of the Court is respectfully directed to enter judgment in favor of Petitioner and to close this civil case. SO ORDERED.



RICHARD J. SULLIVAN
United States District Judge

Dated: December 29, 2009
      New York, New York

\*\*\*

Petitioner is appearing in this matter *pro se*. Respondent is represented by Richard Craig Tarlow, U.S. Attorney's Office, 1 St. Andrew's Plaza, New York, New York 10007.

Copes sent to:

Silvestre Rico Beltran
70349-054
FCI-Texarkana
P.O. Box 7000
Texakana, TX 75505


Daniel Nobel, Esq.
401 Broadway
25th Floor
New York, New York, 10013